## HOAG v. DENTON et al.

1. **Mill dam:** AD QUOD DAMNUM: FILING PETITION. The provisions of art. 4, ch. 54, Revision of 1860, do not make the service of notice as contemplated by section 1265, a prerequisite to the filing of the petition. If, after the petition is filed, a copy has been served upon the defendant ten days, and proof of such service is filed with the petition, the writ may be issued.

Hoag v. Denton.

*Appeal from Delaware District Court.*

MONDAY, FEBRUARY 5.

THE facts are stated in the opinion of the court.

*Barker* for the appellant.

*Powers* (with *Bissell & Shiras*) for the appellees.

LOWE, Ch. J. — An *ad quod damnum* proceeding, commenced on the 26th day of April, 1865.

1. MILL DAM: *ad quod damnum*: filing petition.
A motion to dismiss the petition, filed of that date, was sustained. The reasons of the motions assigned were, that the petition was superseded by a subsequent and second petition; that it was not served upon the defendants; that it was served posterior to the filing of the petition. The bill of exceptions exhibits the ground upon which the courts sustained the motion as to the defendant, Denton, namely, that the proof of service was made after the petition had been filed, &c.

This, in our opinion, is not an adequate reason for dismissing the proceedings. It assumes, that the statute makes such service and proof a prerequisite to the filing of the petition in the clerk's office. But this assumption derives very slight support, either in the express terms of the law or by necessary implication, and none at all in reason. Under section 1265 of the Revision the defendants are entitled to have a copy of the petition served upon them ten days, before the clerk of the court is authorized to issue the writ. This service is to be proved and then filed with the petition. The statute is not, that this service and proof shall be made before or at the time of the filing of the petition, but that it shall be made and filed with the petition, which is supposed already to be in the office of

the clerk of the District Court, according to the natural order of the institution of the proceedings under the above section. The circumstance, that the petition is filed in the clerk's office before the service is made, can be no ground of objection or prejudice to defendants, provided they are affected with service in the manner prescribed by law. This was done, and done too, ten days before the writ issued. The fact that the evidence of the service and return were supposed to be defective, and afterwards corrected according to the facts, furnishes no sufficient reason for dismissing the proceedings.

In this case, the applicant filed his original petition in the office of the clerk of the District Court; ten days' notice of the same was given to the defendants, by serving them with a copy thereof. The statute requires proof of such service by affidavit. It is evident, from the record, that the officer, in order, as he supposed, to comply with this direction of the statute, made two copies of the original petition and notice, one of which he served upon the defendants, the other he annexed to and made a part of his return, to show a literal compliance with the law, and even affixed to his return another revenue stamp. This, in the motion to dismiss, is claimed to be a new petition, which supersedes the first. But it has scarcely the color of any show in fact or reason. Proof of the service, as made, was required to be filed with the petition in the clerk's office. The officer adopted this method, perhaps unnecessarily, but certainly to comply literally with the requirements of the statute. We think the order for dismissing the proceeding should be reversed.

Reversed.