ALBERT M. COLLYER, PROSECUTOR, v. HUGH M. McDON-ALD ET AL., DEFENDANTS.

Submitted October 3, 1939—Decided January 8, 1940.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the prosecutor, *Autenrieth & Worlendyke.*

For the defendants, *Edward M. Salley.*

Per Curiam.

These writs of *certiorari* bring up orders of the Second District Court of Jersey City vacating judgments and ordering new trials in two causes. Certain of the facts appear to be agreed upon, namely, that suits were instituted by the prosecutor for accounting services alleged to have been rendered the defendant Hugh M. McDonald, in the one case, and the defendant Hugh M. McDonald Holding Co., in the other, on April 3d, 1935; the defendants demanded trials by jury; the matters were continued from time to time until April 8th, 1938, when they were marked "not moved." On April 16th, 1938, the cases were restored to the trial calendar by stipulation of counsel, but as to this stipulation the briefs disagree. The prosecutor alleges that it stipulated for trials without jury and the defendants allege that it made no such provision but merely restored the cases to the list for trial. The stipulation, if it be in writing, is not exhibited to us. Defendants' counsel asserts he expected the usual notice of trial date from the court clerk given in cases to be tried before a jury and further that he had no notice at all that the case was to be tried and no notice of the entry of judgment until efforts at collection were made. Plaintiff's counsel asserts he wrote defendants' attorney informing him that the cases had been set down for August 10th, 1938. At any

rate, on August 10th the defendants did not appear and judgments were entered after trials without a jury. Thereafter, on January 31st, 1939, the trial judge allowed rules to show cause returnable on February 15th, 1939, why new trials should not be granted, which were argued on March 1st, 1939, the adjourned return day, and on that day the orders under review were made.

Prosecutor argues two points, first that a District Court Judge is without power under the statute, *R. S.* 2:32-121, to grant a new trial more than thirty days after the entry of judgment, except on the grounds of newly discovered evidence; and second, that no depositions were taken under the rule to show cause and the only proofs before the court on the return of the rule in behalf of the defendants consisted of the *ex parte* affidavit used to obtain the rule. As to this second contention, it is to be noted that the prosecutor has taken no depositions under the writ of *certiorari* and the only proof before us on his behalf is the affidavit used to obtain the writ, excepting, of course, the return to the writ made by the District Court judge. Apparently the trial judge dealt with the matters on the basis of the strict record before him and we are expected to do likewise, considering the record and the admitted facts.

It is conceded that there was a demand for trial by jury on behalf of the defendants. Prosecutor asserts in his brief that this was waived, but he has produced no proof of such waiver. The stipulation is not before us, nor is there any deposition or affidavit as to its contents in this regard. Defendants deny any such waiver. Prosecutor, therefore, has failed to establish as a fact that trial by jury was waived. In that situation, it seems to us that the judgments were utterly void. Defendants were entitled by law to a jury. Judgments entered in the absence of the defendants and without a jury were entered in violation of defendants' fundamental rights and were void, not merely voidable. A void judgment may be vacated at any time on motion of the party against whom it is entered. *Gloucester City Trust Co.* v. *Goodfellow,* 121 *N. J. L.* 546. "Nor can laches run against a void judgment; it is a mere blur on the record; it is the

duty of the court on its own motion to strike it off, whenever its attention is called to it." *Westfield Trust Co.* v. *Court of Common Pleas,* 115 *N. J. L.* 86. The District Court has power to vacate a void judgment more than thirty days after its entry. *Gimbel Bros.* v. *Corcoran,* 15 *N. J. Mis. R.* 538.

There would appear from the meagre record before us to be another defect in the proceeding which would warrant opening the judgment. *R. S.* 2:32-97 sets forth the procedure for restoring to the trial list causes which have been marked "not moved" and provides that this may be done within two years by either party giving notice to the other. Admittedly this was accomplished in the present case by stipulation. The statute then provides "The party directing the cause to be listed shall serve the adverse party with a written notice of the day fixed for the trial of the cause, at least five days in advance thereof, proof of which service shall be filed with the clerk of the court." The record indicates that this section was not complied with, no proof of service of such notice having been filed. The only thing in the way of notice is the letter counsel for plaintiff asserts he wrote counsel for defendants. Nor is it asserted that the stipulation went so far as to fix the trial date and waive the required notice thereof. In *Greenbaum* v. *Higgins,* 7 *N. J. Mis. R.* 1012, it was held that where this section was not complied with an order vacating the judgment more than thirty days after its entry was properly made "under the inherent power of the court to vacate a judgment void for want of jurisdiction because the parties were not legally in court."

The writs are dismissed, with costs.