ROBERT P. NALL, dba BOB NALL CHEVROLET COMPANY, et al., appellants, v. IOWA ELECTRIC COMPANY, a corporation, appellee.

No. 48650.

(Reported in 69 N.W.2d 529)

APRIL 5, 1955.

Thomas H. Tracey, of Manchester, Pryor, Hale, Plock, Riley & Jones, of Burlington, and M. M. Cooney, of Dubuque, for appellants.

Donnelly, Lynch, Lynch & Dallas, of Cedar Rapids, Hubert Carr, of Manchester, and John Gaston, Jr., of Cedar Rapids, for appellee.

WENNERSTRUM, C. J.—This appeal has developed by reason of an action brought by sixteen plaintiffs wherein they claimed damages as the owners of land and the structures thereon, or as a tenant, by reason of the overflow of the Maquoketa River in 1947 and 1951. It is claimed the river bed had been raised as the result of the maintenance of a dam owned by the defendant-power-company at Manchester, Iowa, with resulting overflow of plaintiffs' properties at floodtime. The defendant filed a motion to dismiss and for judgment on the pleadings which was sustained. From the judgment entered in favor of the defendant-company the plaintiffs have appealed.

It was alleged in one of the divisions of the answer that a dam of the same height and location as the present one was constructed in or about 1867 pursuant to a decree of a district court of Iowa brought under a proceeding authorized by sections 1264 to 1277 inclusive, Revision of 1860. It was further alleged in that proceeding all persons to whom damages might have been awarded were made parties; that the lands of the present plaintiffs at the time of said proceeding were entirely worthless; the dam thereby authorized was continuously maintained at its original height and location until 1904, at which time it was reconstructed of concrete but of the same height and at the same location as the original dam and in accordance with the terms and conditions of the original decree and has been so maintained. The defendant further alleged it holds all the rights under the original decree and the license therein granted and owns the bed of the river upon which the dam is constructed as well as the land on either side thereof; and that

during the times concerning which the plaintiffs make complaint said dam was maintained and operated under the license issued pursuant to the statutes of this state as originally enacted and further pursuant to a decree as therein provided. The decree here in · question was before this court in the case of Hoag v. Denton, 20 Iowa 118.

In the sections of the Revision of 1860 heretofore referred to there is set forth the nature of the action that must be brought to make possible the erection of a dam. It is therein provided that damages may be assessed in favor of the owner of any land which will be overflowed or injuriously affected. It is also therein provided that on the payment to the proper parties of any damages decreed by the court, the license provided for in the statute shall be granted to erect the desired dam. Although the case of Hoag v. Denton, supra, involved the structure here in controversy yet the issue then before this court was whether proper notices had been given in that proceeding. The case of Gammell v. Potter, 6 (Clarke) Iowa 548, involves the statutory procedure relative to the issuance of a license for the erection of a dam.

The defendant filed its answer in eight separate divisions. Division I denied the flooding of plaintiffs' property was the result of defendant's dam but admitted that by reason of it the water level of the river has been raised; that plaintiffs' properties are situated in the flood plain of said river and are, consequently, subject to overflow at times when there is a great deal of water in the drainage area of the river. Division II of the answer pleaded that a dam had been originally erected in 1867 and the facts mentioned in a prior paragraph are set forth. Division III pleaded acquiescence and estoppel. Division IV asserted the defendant had acquired prescriptive rights to flood plaintiffs' properties as a result of eighty years of reoccurring overflow. Division V alleged too, as a result of the erection of the dam more than eighty-five years ago, and the flooding of plaintiffs' land more than twenty years prior to the bringing of the present action, this action is barred by section 614.1, 1950 Code of Iowa. Division VI further pleaded that no rights of the plaintiffs were invaded by the flooding of their properties dur-

ing the years 1947 or 1951 and any damages from the erection of the dam, if any, accrued to plaintiffs' predecessors in title and at the time of the construction of the dam and the first flooding of the properties now owned by the plaintiffs. Division VII asserted that the floods of 1947 and 1951 were of such a nature as to constitute an act of God and for which the defendant is not responsible. Division VIII made reference to certain portions of plaintiffs' petition and pleaded further that the several causes of action were barred by section 614.1(5), 1950 Code.

The plaintiffs moved to strike portions, if not all, of the various divisions of the defendant's answer on the ground that they were insufficient to state a defense. The trial court sustained the striking of the latter portion of Division I of the answer wherein it had been pleaded the plaintiffs or their predecessors in interest had made improvements on their land despite the fact they had full knowledge that their respective tracts were subject to overflow. There was also stricken from Division I the allegation that the plaintiffs' properties are not up to the legal grade established by the ordinances of the city of Manchester and consequently plaintiffs cannot complain of the flow of surface water upon said properties. Division III was stricken in its entirety as well as Division VIII. The motion to strike other portions of the answer was overruled.

No reply was filed to any of the pleaded affirmative defenses which were not stricken in the ruling on the motion to strike. Inasmuch as certain allegations of defendant's answer were not denied they are taken as admitted. Rule 102, R. C. P. The defendant then made application for an adjudication of points of law and moved for judgment on the pleadings. Rule 222, R. C. P. This motion was sustained and judgment was entered accordingly.

The trial court in its ruling on points of law held: (1) the construction, maintenance and operation of said dam was lawful, and no recovery can be had against defendant; (2) the dam being lawful, it cannot be a nuisance; (3) the dam being a lawful structure constructed pursuant to and in accordance with a license issued under statutory authority, the defendant had no duty to install floodgates; (4) if plaintiffs are claiming that the

flooding of their lands was the direct, foreseeable and certain consequence of the damming of the river by defendant's predecessors, the design, purpose and function of said dam being to obstruct the flow of waters of the river, the plaintiffs' actions are barred by the statute of limitations. Or, if plaintiffs are claiming that the flooding of their lands by the dam was remote, consequential, unforeseeable and uncertain as to whether or when it would occur, plaintiffs' damage is *damnum absque injuria*, the same resulting from the exercise of a right conferred by statute; (5) under the pleadings the defendant had no duty to remove the effect of the dam so that in times of flood it would not cause the waters of the river to run above its effective height or the level of the water maintained in the pond during normal river stages; (6) there is no relationship between the ownership, maintenance or operation of the dam and plaintiffs' injury.

It is the claim of the appellants, the plaintiffs, the court erred (1) in holding the fact the dam was constructed pursuant to a license exempted the owner of the dam from liability for overflow damage caused by its maintenance; (2) in holding that if damages were foreseeable at the time of the issuance of the license then the action was barred by limitation and that if they were not foreseeable the damages constituted *damnum absque injuria*.

I. The plaintiffs do not deny there was a license issued to the predecessor titleholders of the dam here in question. They, however, contend that whether or not there was a license is wholly immaterial to any issue in this proceeding. We have not set forth in their entirety the statutes heretofore referred to but the action there provided for, as stated by the plaintiffs in their brief, was very similar to a condemnation proceeding.

It is the plaintiffs' contention the material section of the Revision of 1860, as far as the present action and appeal are concerned, was section 1271, Revision of 1860, which is as follows: "Provided, also, that no inquest under this act, nor any judgment thereon, shall bar any action which could have been maintained if this act had not been enacted, unless the prosecution or action was actually foreseen, and estimated upon the inquest."

The plaintiffs contend the defendant has pleaded no defenses under the statute unless it can establish the future damages to them were actually foreseen, determined and paid.

It is maintained on the part of the defendant in paragraph 8 of Division II of its answer that all persons in whose favor damages might have been awarded in said proceedings for the construction of the original dam were parties thereto. It was further pleaded in paragraph 7 of Division II of the answer the lands claimed to be now owned by the plaintiffs were situated in the flood plain of said river, were wet, marshy and swampy, and were subject to overflow by waters of said river; that said lands were worthless and of no value at said time and no damage was sustained by the owners thereof by reason of the construction of the dam.

It would thus appear from the pleaded portion of the answer to which references have been made the possible damages could have been foreseen in the proceeding relative to the issuance of a license for the erection of the original dam and was so considered. The quoted section 1271, Revision of 1860, was not commented upon or construed in any of our cases while it was effective. However, section 1201, Code of 1873, was substantially in the same wording and is as follows: "No proceeding under this chapter shall bar an action which could have been maintained if this chapter had not been enacted, unless the prosecution or action was actually foreseen and estimated upon the inquest." This later section was construed in the case of Watson v. Van Meter, 43 Iowa 76, 78, 79, wherein this court stated:

"It is now very ingeniously contended by the appellant that the proceeding in the Circuit Court did not bar any action which the plaintiff has. It did not, of course, bar any action the cause of which accrued before the proceeding, as it is the duty of the jury to estimate nothing but prospective damage; and the appellant claims that it did not bar any action, the cause of which has arisen since the proceeding, because the jury foresaw none, as is shown, it is said, by the fact that they allowed no damages, and so it is contended that, as the proceeding barred nothing, the court erred in allowing evidence of it to be introduced. But the language of the statute is peculiar. It

does not provide that no action shall be barred unless the *cause* of action was foreseen, but that no action shall be barred unless the *action* was foreseen. The jury found that the plaintiff's land would be affected. Hence they might have foreseen an action, and yet honestly have believed that the plaintiff would in fact suffer no damage. If such was their view, and we must presume it was, the record was rightly introduced. They foresaw that the river would be deepened on the plaintiff's land. They foresaw whatever overflow, if any, would necessarily result therefrom. They might have been in error in finding that the plaintiff would not be damaged thereby, yet the action for such damage, although the jury allowed nothing, when they should, perhaps, have allowed something, would not the less effectually be barred.

"It is said, however, that the statute provides that no action shall be barred by the proceeding unless foreseen and *estimated*, and it is contended that, even if this action was foreseen by the jury it was not *estimated*, because no damages were allowed. Where a fact is considered upon the inquest, which is afterwards made the ground of an action, and it is found that no damages will result from the fact, we think it proper to say that the action is *estimated* within the meaning of the statute."

Bearing somewhat on the question involved in this appeal is the case of Wilson v. Hanthorn, 72 Iowa 451, 453, 34 N.W. 203, 204, where it is stated: "When a person desires to utilize a water power and erect a mill, there should be some way in which he can proceed with safety. The law allows private property to be taken in consideration of the public benefit resulting from a mill. It points out how land may be taken and a license procured. (Code, § 1188, and following.) The person seeking a license must file a petition giving the names of the persons whose lands 'will be overflowed, or otherwise affected thereby.' The question presented is as to what lands are contemplated as affected. Of course, those are contemplated which will be affected directly by the dam. Injuries thus accruing can be foreseen with such reasonable certainty that it is practicable to bring the landowners in, and make them defendants, and ascertain their damages." We do not have before us for consideration

the pleadings in the original action but from the pleadings in the present case all foreseeable damages were considered in the original case.

II. The plaintiffs admit the erection of the dam pursuant to the proceedings authorized under sections 1264 to 1277 inclusive, Revision of 1860. It is also admitted all persons in whose favor damages might have been awarded were made parties, and the builder and later owner of the dam are thereafter protected by the decree. However, it is claimed by the plaintiffs the defendant at no time alleged in its answer the predecessors in title to the plaintiffs were made parties to the proceedings. It is further contended it is nowhere alleged that damages were awarded as required by the statute. It is also asserted the case of Hoag v. Denton, supra, does not disclose who the defendants may have been nor does it disclose anything as to the facts of the case. It is also maintained there is no showing that Hoag was the same person who erected the dam which was later repaired and which is here in controversy.

In connection with this last contention of the plaintiffs it is shown by Division II of the defendant's answer that one Egbert Hoag constructed a dam in the Maquoketa River and which was referred to in paragraph 3 of plaintiffs' petition. It was also pleaded in Division II of defendant's answer that the present defendant has acquired all the rights of said Egbert Hoag in said dam. There was no reply filed by the plaintiffs to this portion of the defendant's answer.

It is also maintained by the plaintiffs the fact the defendant in its answer pleaded all persons in whose favor damages might have been awarded in the original proceedings for the construction of said dam were parties thereto does not in itself, even without a reply, show the parties in the original action were the predecessors in title to the land which is now owned by the plaintiffs. We believe there is merit in plaintiffs' assertion relative to the lack of a showing in the pleadings concerning the original parties in the proceedings for the issuance of a license for the erection of the dam and that they were predecessors in title to the present plaintiffs.

III. There can be no question the original dam as

well as the reconstructed one were lawfully authorized. We are then concerned with the question when the damage to the plaintiffs or their predecessors in title occurred. In the case of Cary-Platt v. Iowa Electric Co., 207 Iowa 1052, 1056, 224 N.W. 89, 91, we said: "When an injury is permanent, it is spoken of in the cases as original, and but one action can be maintained, and recovery allowed is for all damages, past, present, and prospective. Where the nuisance is permanent, the damage is to the land itself, and the cause of action arises when the land is first flooded, and successive actions cannot be brought [citing cases]."

In the case of Thomas v. Cedar Falls, 223 Iowa 229, 237, 238, 272 N.W. 79, 83, this court gave consideration to a situation where a bridge was taken out by the county and the highway at the bridge location was completely filled, thus creating an embankment over and across the alleged watercourse. We there stated:

"Under such conditions and under the rules announced in the cases referred to, we are constrained to hold that the injuries were original and an action therefor should have been commenced within five years after the completion of the dam or at least within five years after the first injury to the property.

"That the embankment was intended as a permanent obstruction is corroborated by the fact that although minor injuries were sustained soon after the construction of the embankment, no substantial damage resulted to plaintiff's property between the time of its construction in 1875 until 1912, and more than a generation thereafter. Other floods occurred thereafter, and the last in 1933.

"As some cases hold that the statute begins to run with the original construction of a permanent dam or embankment, and others that the statute does not begin to run until after injury is sustained to the plaintiff's property, it is unnecessary for us to determine in this case whether or not the statute began to run from 1875 or from the time the first substantial injury was suffered in 1912. In either event more than five years have elapsed since the actual injury was sustained in 1912."

█ There are pleaded facts relative to the flooding of plaintiffs' lands, at least as far back as 1925. This was not denied

and consequently we must hold plaintiffs' action is barred by the statute of limitations, section 614.1, 1950 Code of Iowa. We therefore hold that the trial court was correct in entering its judgment in favor of the defendant on the pleadings.

IV.   We do not deem it necessary to comment on certain contentions made by the appellee as grounds for affirmance. Defendant has filed a motion to dismiss plaintiffs' appeal which was ordered submitted with the case.   By reason of our disposition of the appeal in the manner heretofore noted we do not find it necessary to rule on the motion.—Affirmed.

All JUSTICES concur.