GEORGE HALVERSON, appellee, v. RICHARD HAGEMAN, appellant.

No. 49547.

(Reported in 92 N.W.2d 569)

1382

OCTOBER 14, 1958.

Cutting & Cutting, of Decorah, for appellant.

Joseph Neuzil, of Calmar, and Miller & Pearson, of Decorah, for appellee.

GARFIELD, C. J.—This appeal presents two ultimate questions. Is the judgment entered against defendant-appellant void for alleged failure to comply with the Rules of Civil Procedure in preparing and serving the original notice and filing the petition? If so, should defendant's petition to vacate the judgment be overruled because of estoppel, laches or other grounds alleged by plaintiff?

The trial court held any failure of plaintiff to follow the Rules of Civil Procedure strictly in procuring the judgment was not fatal to it and in any event defendant was precluded by laches from attacking it. The petition to vacate was submitted to the trial court, without evidence, on the files and record in the case, including the admitted allegations of the petition to vacate the judgment and plaintiff's answer thereto. The appeal must be considered here on the same record.

On September 7, 1956, defendant was served with the following

"ORIGINAL NOTICE

"To Richard Hageman, defendant: You are hereby notified that there will be on file on or before September 24, 1956, in the office of the Clerk of the District Court of the above named County and State, a petition of George Halverson claiming of the sum of Eight Hundred Ten and 95/100 Dollars as balance of principal due from you on your promissor note as of December 14, 1955, with interest at the rate of five percent from the 14th day of December, 1955, with a reasonable attorney fee and Court Costs; for further particulars see petition to be filed as aforesaid.

"Now, unless you appear thereto and defend on or before noon of the second day of the next term of said Court to be held at the Court House in Decorah, in said County, commencing on October 1, 1956, default will be entered against you and judgment rendered thereon in accordance with the prayer of said petition.

"s/ J. W. NEUZIL, Attorney for Plaintiff."

We assume this notice was captioned in the District Court of Winneshiek County. At least nothing is claimed for any failure in this respect.

Plaintiff's petition was filed September 21, 1956, upon a promissory note in the principal amount of $875, dated Septem-

ber 9, 1952, due in one year, payable to plaintiff, purporting to be signed by defendant. On October 5, 1956, default judgment was entered against defendant for $882.58 with interest from October 2, 1956, costs and attorney fees. On October 8, 1956, the clerk of the district court gave defendant written notice of the judgment as required by rule 233, Rules of Civil Procedure.

December 6, 1956, defendant filed a motion to set aside the default judgment on three grounds: (1) Defendant never executed a note to plaintiff and the judgment was obtained through fraudulent means, (2) the record does not show that an affidavit of identity was filed, which is necessary to the rendering of any judgment in district court, (3) the record does not show that a military affidavit was filed, which is also necessary to the rendering of any judgment in district court. In connection with each ground defendant alleged that an execution was issued on the judgment, and certain property was levied upon.

Plaintiff resisted the motion for alleged insufficiency of the grounds thereof and because it was not filed within 60 days after entry of the judgment as provided by rule 236, Rules of Civil Procedure, relating to setting aside a default judgment for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.

December 21, 1956, defendant's motion was overruled because not filed within the 60 days provided by rule 236 and "therefore it becomes unnecessary to pass upon the questions raised by the motion. No question is raised as to jurisdiction of defendant on date of judgment." Defendant does not now rely upon any ground asserted in the above motion.

December 12, 1957, defendant by his present counsel filed the petition now before us to vacate the judgment on the ground the judgment is void and the court was without jurisdiction of defendant for various reasons now relied upon and herein considered.

Plaintiff's answer to this petition admits service of the original notice, filing of plaintiff's petition and entry of the default judgment, all as above explained. Plaintiff's answer contains several allegations of new matter to which no reply was filed and therefore they must be deemed admitted. Rules 73,

102, Rules of Civil Procedure; Nall v. Iowa Electric Co., 246 Iowa 832, 835, 69 N.W.2d 529, 531; Massey v. City Council, 239 Iowa 527, 534, 31 N.W.2d 875, 880; Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1193, 24 N.W.2d 751, 753.

Plaintiff's answer alleges the filing of the motion to set aside judgment in December 1956 and the overruling thereof; issuance of execution on the judgment on October 13, 1956, and its return unsatisfied; issuance of a second execution on March 28, 1957, levy on an automobile thereunder, its sale after proper notice to defendant and others and payment of $200 on the judgment from the sale proceeds; issuance of a third execution on November 19, 1957, and its levy on a truck owned by defendant; an affidavit by the sheriff charging defendant with contempt of court; a court order requiring defendant to show cause why he should not be punished for contempt.

Plaintiff further alleges defendant is barred from making another attack upon the judgment subsequent to the overruling of his motion in December 1956; he was obliged to raise therein all the grounds claimed by him for setting aside the judgment and grounds not so raised were waived; defendant is guilty of laches in failing to take the action now taken and upon the grounds now raised promptly after notice upon him of the default judgment and the delay has operated to plaintiff's prejudice and damage; plaintiff relied upon the overruling of defendant's motion in December 1956 and in reliance thereon took the further action above referred to.

Plaintiff also alleges defendant's petition to vacate judgment is not timely under rules 252, 253, in that it was not filed within one year after rendition of the judgment.

■ I. We may as well first dispose of the point last suggested. If, as defendant contends, the default judgment was void, he was not required to attack it upon such ground within one year after its rendition as provided in rules 252, 253—compliance with these rules was not essential. Swift v. Swift, 239 Iowa 62, 67, 29 N.W.2d 535, 538, and citations; Korsrud v. Korsrud, 242 Iowa 178, 183, 45 N.W.2d 848, 850; Jacobson v. Leap, 249 Iowa 1036, 1039, 88 N.W.2d 919, 921, and citations. See also annotation 154 A. L. R. 818, 819; 30A Am. Jur., Judgments, section 693, page 659; 49 C. J. S., Judgments, section

288a, page 523. Defendant concedes he is entitled to no relief unless the judgment was void, not merely voidable.

■ II. Was the judgment void? If the original notice was so defective as to amount to no notice the judgment must be deemed void. But it is merely voidable if the defects in the notice are mere irregularities which do not prevent its constituting legal notice to defendant. Krueger v. Lynch, 242 Iowa 772, 773, 48 N.W.2d 266, 267; Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919; 49 C. J. S., Judgments, section 24g, page 61.

■ Restatement, Judgments, section 8, says: "A judgment is void if there is a failure to comply with such requirements as are necessary for the exercise of power by the court." Comment b under this section states the test of whether failure to comply with procedural requirements as to service of process renders the judgment void is whether the requirement is a condition precedent to the exercise of jurisdiction by the court. Section 6 and comments are to like effect. This is substantially the view we have taken in prior decisions.

Rule 50, R. C. P., provides in part that the original notice "shall state either that the petition is on file * * * or that it will be so filed by a stated date, *which must not be more than ten days after service*. It shall notify defendant to appear * * * within the specified number of days after service required by rule 53 * * * and that unless he so appears, his default will be entered and judgment * * * rendered against him * * *." (Emphasis added.)

Rule 53 provides that a defendant, like this appellant, served with original notice, not by publication, where copy of the petition is not attached to the notice and the petition is not on file when the notice is served "shall appear within thirty days after the day such notice is served."

■ As previously explained, the notice here states the petition will be filed by a stated date which was 17 days after the day of service. The petition was actually filed 14 days after service. Although the notice does not specify the number of days after service that defendant must appear, it does require appearance on or before noon of the second day of the next term. This was only 25 days after service. If the second day of the term were in fact at least 30 days after service, we think failure

to specify, in terms, the number of days after service in which appearance was required would not be a serious defect. The appearance date as stated in the notice was less than the 20 days contemplated by rules 50, 53, after the specified date of filing the petition and less than 20 days after its actual filing. Judgment was taken less than 30 days after service, less than 20 days after the specified date of filing the petition and less than 20 days after its actual filing.

There is at least one other defect, of a less serious character, in the notice. It does not contain the address of plaintiff's attorney who signed it as required by the part of rule 50 not quoted above.

We are aware of the present tendency to hold that failure to comply strictly with some requirements such as those in rules 50, 53 does not make the judgment void if the defendant was not deprived of notice and reasonable opportunity to be heard. Restatement, Judgments, section 6, comment b. See also Jacobson v. Leap, supra, 249 Iowa 1036, 1040, 88 N.W.2d 919, 921, 922, and citations. However we think there was such failure to comply with requirements of the rules that are essential to the court's exercise of jurisdiction as to render this judgment void.

Lack of compliance with essential requirements of the rules was much greater here than in Krueger v. Lynch, supra, 242 Iowa 772, 48 N.W.2d 266, cited by plaintiff. There the only defect was that the notice required defendant to appear within 20 days after service of notice when under rule 53 he was entitled to 30 days. We held defendant was entitled to 30 days, but not more, in which to appear and that his special appearance before judgment should have been overruled. Here, not only was defendant required by the notice to appear in less time than the rules accorded him, but the petition was not to be filed and was not in fact filed in the time provided by the rules, and the judgment was taken before plaintiff was entitled to it and before jurisdiction of defendant was acquired.

It is perhaps unnecessary to observe that we have repeatedly held our Rules of Civil Procedure have the force and effect of statutes. Van Gundy v. Van Gundy, 244 Iowa 488, 495, 56 N.W.2d 43, 46, and citations; Hindman v. Reaser, 246 Iowa 1375, 1378, 72 N.W.2d 559, 561.

III. Plaintiff's chief reliance in argument seems to be his contention that defendant is barred by laches and estoppel from attacking the judgment.

 It has frequently been said that laches—and sometimes that laches and estoppel—cannot operate to validate a void judgment. Cash v. Maloney, 402 Ill. 528, 84 N.E.2d 390, 394; Franek v. Turner, 164 La. 532, 114 So. 148; Collyer v. McDonald, 123 N. J. L. 547, 10 A.2d 284; Johnston County v. Ellis, 226 N. C. 268, 38 S.E.2d 31, 39; In re Estate of Gray, 162 Ohio St. 384, 123 N.E.2d 408; In re Galli's Estate, 340 Pa. 561, 17 A.2d 899; Halbach v. Halbach, 259 Wis. 329, 48 N.W.2d 617, 619; 49 C. J. S., Judgments, section 288c, page 531.

30A Am. Jur., Judgments, section 693, page 659, says: "The defense of laches has been regarded as not available against a motion to open or vacate a void judgment * * *. * * * However, there may be some instances under which such laches or delay may be asserted to preclude relief, as where others innocently relied on the record of the judgment." And some other authorities recognize there may be instances where laches will prevent the setting aside of a void judgment. See annotation, 154 A. L. R. 818, 827; 49 C. J. S., Judgments, sections 452, 453.

Swift v. Swift, 239 Iowa 62, 29 N.W.2d 535, cited by plaintiff, holds, under the facts there, a defendant was barred by laches, estoppel and lack of good faith from attacking a void divorce decree. As the opinion points out, any other decision would have been most unjust not only to plaintiff but to the man who married her in reliance on the divorce, to possible issue of the subsequent marriage and to society itself. The Swift case is the only one cited by plaintiff which upholds a void judgment on the ground of laches and estoppel. We adhere to that decision but we think it is not applicable under the facts here.

 Plaintiff caused three executions to issue on this judgment. The first was returned unsatisfied and proceedings under the third appear to be pending. An automobile was sold under the second execution and plaintiff received $200 therefrom. Whether this will render plaintiff liable to the purchaser if the automobile is taken from it is a question we do not determine. This is the only respect in which plaintiff may have been damaged or prejudiced by any delay of defendant in attacking the

judgment except perhaps for some small amount of costs in connection with the issuance of the executions. Assuming, as we must, that laches and estoppel sometimes preclude setting aside a void judgment, we think the showing of damage or prejudice to plaintiff, chargeable to defendant, is not sufficient here for that purpose.

49 C. J. S., Judgments, section 451, states, "A void judgment cannot be made valid and operative by * * * a sale on execution held under it * * *."

The doctrine of laches will be applied only where it would be inequitable to deny it or it is clearly demanded in the interests of justice. Jennings v. Schmitz, 237 Iowa 580, 589, 20 N.W.2d 897, 903, and citations; Simpson v. Bostwick, 248 Iowa 238, 248, 80 N.W.2d 339, 345, and citations. We think this is not such a case.

Regarding the overruling on December 21, 1956, of defendant's motion to set aside the judgment, as previously explained, this was on the sole ground the motion was not filed within the 60 days provided by rule 236. The court expressly refrained from passing upon the questions raised by the motion. This ruling settled nothing except the point therein decided— that defendant had misconceived his remedy. The rules against splitting a cause of action and election of remedies do not apply to such a situation. Making the motion to set aside the judgment or the ruling thereon constitutes no defense to the later petition to vacate the judgment. Missildine v. Miller, 231 Iowa 371, 377, 378, 1 N.W.2d 110, 113, and citations; Swanson v. Baldwin, 249 Iowa 19, 24, 85 N.W.2d 576, 579, and citations; Clements v. Constantine, 344 Mich. 446, 73 N.W.2d 889, 892, 893; Restatement, Judgments, sections 49, 65(2). See also Mayfield v. Bennett, 48 Iowa 194, 198.

It is frequently said the law favors trial of cases on their merits. The statute of limitations has not run against the cause of action on which the judgment was entered. It is to be presumed, if plaintiff is entitled to prevail upon his cause of action, he will do so in a subsequent action in which jurisdiction of defendant is obtained in the manner provided by our rules.

IV. Plaintiff filed a motion to dismiss the appeal. Pursuant to stipulation it was ordered submitted with the appeal.

It must be clear from our consideration of the merits that we have decided to overrule the motion.

(1) It is alleged the notice of appeal does not properly notify plaintiff of the precise judgment or ruling from which the appeal is taken. The notice recites defendant has appealed "from the final judgment in this cause and from the final RULING ON MOTION herein and from each and every ruling adverse to" defendant during the progress of the case. The decision overruling defendant's petition to vacate judgment is entitled, "RULING ON MOTION." Although the overruling of defendant's earlier motion to set aside the judgment is similarly entitled, reference in the notice of appeal to the later decision as "the final RULING ON MOTION" leaves little room for doubt that the appeal is therefrom.

(2) Plaintiff asserts the notice of appeal was insufficient to confer jurisdiction upon us because it was not directed to anyone. Our rule 336 does not require that the notice of appeal be directed to the adverse party or be served upon him. All that is required is *the filing* of a notice with the clerk of the trial court, signed by appellant or his attorney. "It shall specify the parties taking the appeal, and the decree, judgment, order or part thereof appealed from." The clerk then mails or delivers a copy of the notice to the attorneys for all parties other than appellant or to any such party who has no attorney. "No failure of the clerk to mail or deliver any notice shall affect the validity of the appeal."

Under section 12837, Code of 1939, which rule 336 supersedes, an appeal was taken by *service* of the notice on the adverse party, his agent or attorney, *and* by filing it, with return of service, with the clerk. This statute governed the precedents plaintiff cites on this point. They are not in point now. The omission from rule 336 of the requirement of service of the notice upon the adverse party, found in the former statute, is significant. In effect plaintiff would add to the rule the language omitted therefrom that the former statute contained. Our conclusion finds support in Balkins v. Norrby, 61 Cal. App.2d 413, 142 P.2d 958, 960, and citation; Mitchell v. Banking Corp. of Montana, 81 Mont. 459, 264 P. 127, 130; Drake Lbr. Co. v. Lindquist, 179 Ore. 402, 170 P.2d 712, 716.

(3) Plaintiff contends it does not appear the over-ruling of defendant's petition to vacate the judgment was entered of record in the trial court. The record here recites "the trial court entered its RULING ON MOTION" from which the appeal was taken. This may well be taken as equivalent to averring the order was recorded. Lent v. New York & M. Ry. Co., 130 N. Y. 504, 29 N.E. 988, 989.

However, if it be assumed, without so deciding, this is an insufficient showing the ruling was entered in the "record book" of the court provided for by Code section 606.7(1), still the presumption prevails that the clerk of the court, like other public officials, performed his duties. And it was his duty to enter this ruling promptly in the record book. The appeal was not taken until 28 days after the order was made. In the absence of any contrary showing it will be presumed the order was properly entered by the clerk during this period. State ex rel. Brown v. Beaton, 190 Iowa 216, 235, 236, 178 N.W. 1, 180 N.W. 166.

(4) The last ground of the motion to dismiss the appeal is that the ruling appealed from is not a final judgment or decision from which an appeal may be taken of right, without grant from us. Rule 331 in part provides, "All final judgments and decisions of courts of record * * * may be appealed" and "any order denying a new trial shall be deemed a final decision." We have no doubt the ruling appealed from is a final decision for purposes of appeal.

A final judgment or decision is one that finally adjudicates the rights of the parties and puts it beyond the power of the court which made it to place the parties in their original position. Forte v. Schlick, 248 Iowa 1327, 1329, 85 N.W.2d 549, 551, and citations.

The proceeding to set aside the original judgment as void is in effect an independent action. It might have been brought as a separate action. However, it seems common both in this jurisdiction and elsewhere to file the petition in the action in which the judgment under attack was entered. This was done in Swift v. Swift, 239 Iowa 62, 29 N.W.2d 535, and Korsrud v. Korsrud, 242 Iowa 178, 45 N.W.2d 848, both supra. Whether

the proceeding is docketed in the original action or separately is a matter of form, not of substance, and is not controlling.

In the cited cases we entertained an appeal from the trial court's decision setting aside the decree. Here the trial court denied relief to defendant. The decision is no less final than those in the cited cases where relief was granted. It is no less final than an order denying a new trial. The parties joined issue on whether the original judgment is void and whether defendant is barred by laches or estoppel from attacking it. The decision appealed from finally adjudicates the rights of the parties under these issues. See in support of these views Stevirmac Oil & Gas Co. v. Dittman, 245 U. S. 210, 216, 217, 38 S. Ct. 116, 62 L. Ed. 248, 252. . .

4 C. J. S., Appeal and Error, section 110, page 303, states "an appeal will lie from a judgment overruling a motion in the lower court to set aside a void judgment."

The RULING ON MOTION entered on January 22, 1958, is— Reversed.

All JUSTICES concur.