**Steven William GRAY, Theresa Pauline Gray and Richard Gray, Appellants,**

v.

**William Edward STEELE, Robert Welch and Randall Luschen, Defendants,**

**and**

**Lance Crammer, Appellee.**

No. 60322.

Supreme Court of Iowa.

April 19, 1978.

O'Brien, Galvin & O'Brien, Sioux City, for appellants.

Dull Law Firm, LeMars, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

LeGRAND, Justice.

This is an appeal from an order sustaining defendant's special appearance alleging lack of jurisdiction because of fatal defects in the original notice served upon him. We reverse and remand.

The case arises out of an automobile accident involving a truck owned by Richard Gray and driven by Steven Gray. Theresa Gray, the third plaintiff, is Steven Gray's wife. The petition seeks recovery for damage to the truck, personal injuries suffered by Steven, and loss of consortium by Theresa. The other vehicle was a Ford Mustang driven by William Edward Steele. Robert Welch, Randall Luschen, and Lance Crammer were all made defendants because of uncertainty over who owned the car at the time of the accident.

William Edward Steele has never been served. Robert Welch and Randall Luschen are both out of the case. The matter has shaken down to a contest between plaintiffs and Lance Crammer. The only issue presently before us involves the court's jurisdiction over Lance Crammer, who filed a special appearance alleging the trial court did not obtain jurisdiction over his person because of fatal defects in the original notice.

The defect relied on consists of a misnomer. His true name is Lance Kramer. The

original notice designated him as Lance Crammer.

Plaintiff's resistance to the special appearance recites that defendant was designated by the name Crammer because it appeared that way on the police report of the accident. The sheriff's return of service contains the notation that service was made on "Lance Cramer (Kramer)". Later defendant filed an affidavit to support a motion for summary judgment filed by one of the other named defendants in which he stated:

"I, Lance Kramer, being first duly sworn, do upon my oath depose and state:

That I am one and the same party as Lance Crammer referred to in a petition at law in [the present case] as filed in the District Court in the State of Iowa in and for Woodbury County * * *."

It thus appears by defendant's sworn admission that he is the party who was actually served and that he is the same party who was erroneously named in the notice. Was this error, then, sufficient to deprive the court of jurisdiction over his person?

In recent years we have distinguished between notice irregularities from which no prejudice results and those which are so substantial that jurisdiction does not attach. *West v. Hawker,* 237 N.W.2d 802, 805 (Iowa 1976); *Krebs v. Town of Manson,* 256 Iowa 957, 960, 129 N.W.2d 744, 746 (1964); *Parkhurst v. White,* 254 Iowa 477, 481, 118 N.W.2d 47, 49 (1962).

This change has been reflected also in our rules. In 1975, we adopted rule 59.1, R.C.P., which is a direct take-over from rule 4(h), Federal Rules of Civil Procedure. The effect—and, indeed, the purpose—of this rule is to relax the strict interpretation previously put upon matters involving mistakes and irregularities in original notices and to make more certain that disputes will be resolved on their merits. *Patten v. City of Waterloo,* 260 N.W.2d 840, 842 (Iowa 1977); *Smith v. Baule,* 260 N.W.2d 850, 854 (Iowa 1977).

As indicative of this new approach, we have even suggested it is now unavailing in most instances to raise non-prejudicial errors to the form of original notice or the manner of service. We quote from *Patten,* 260 N.W.2d at 842:

"It was hoped, with the amendment of our process rules in 1975, that parties served with an original notice of actions then on file would find no advantage in searching out technical defects or omissions in the original notice. Plaintiff could have avoided any question by serving defendant anew. Defendant had nothing to lose by simply appearing. The ruling of the trial court was in error. The actions of the parties in perfecting and resisting in this appeal were unnecessary."

The case of *Burg v. Bryant,* Iowa, 264 N.W.2d 750, filed today is much like this one. In that opinion we held a misnomer—Debbie Bryant instead of Deborah Louise Brandt—was not a fatal variance. There, as here, the real defendant was actually served. There, as here, the mistake occurred because of information one could ordinarily rely on (in this case the accident report). There, as here, the mistake was without prejudice to the defendant.

We hold the trial court should have overruled defendant's special appearance. We reverse and remand to the district court for further proceedings.

REVERSED AND REMANDED.