Richard Leroy **HOLMES** and Betty J. Holmes, Appellants,

v.

**POLK CITY SAVINGS BANK, Appellee.**

No. 62186.

Supreme Court of Iowa.

April 25, 1979.

Uhlenhopp, J., dissented and filed opinion in which Reynoldson, C. J., LeGrand and Allbee, JJ., joined.

Dennis Lee Ruben, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellants.

H. L. Harrison, of Beving, Swanson & Forrest, Des Moines, for appellee.

HARRIS, Justice.

An action to foreclose a real estate mortgage resulted in a default judgment against the mortgagors. More than a year later this action was brought, on the assertion that the original notice in the foreclosure action was fatally defective. Finding there was no fatal defect, the trial court dismissed the petition to vacate. We affirm the trial court.

The caption of the challenged original notice properly identified the trial court, the plaintiff bank which was seeking the foreclosure, the defendant mortgagors, and various lien holders. The notice itself was certainly no model to be used as a guide by the bar. It was as follows:

TO THE ABOVE NAMED DEFEND-
ANT OR DEFENDANTS:
YOU ARE HEREBY NOTIFIED and required to serve upon:

H. L. Harrison
of the law firm of Beving, Swanson and Forrest, plaintiff's attorneys, whose address is 707 East Locust, Des Moines, Iowa, an appearance, motion or pleading to the petition which is attached hereto and herewith served upon you, within twenty (20) days after the service of this original notice upon you and within a reasonable time thereafter to file a duplicate with the undersigned Clerk of Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

[Name and address of
Clerk of Court]

Iowa R.Civ.P. 49 provides as follows:

(a) Written directions for the service of the original notice and copy of petition shall be delivered to the clerk with the petition. There shall also be delivered to the clerk with the petition the original notice to be served and sufficient copies of both. The original notice shall contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify defendant that in case of defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the petition.

(b) Upon the filing of the petition the clerk shall forthwith deliver for service the original notice and copies, copies of the petition, and the directions for service to the sheriff, to a person specially appointed to serve it, or other appropriate person. Upon request of the plaintiff, separate or additional original notices shall issue against any defendants.

(c) The original notice shall be signed by the clerk and be under the seal of the court. The clerk may require the party delivering the original notice to the clerk to advance reasonable costs of service.

I. Where, as here, jurisdiction was sought by a challenged original notice, the question becomes whether any flaw in the notice amounts to a "substantial defect" or to a "mere irregularity." A substantial defect renders an original notice fatally defective; any judgment based thereon is void. A mere irregularity, on the other hand, has no such effect on the original notice; a judgment based thereon is not void (but may be voidable).

This distinction, and the trend of our cases on the subject, were explained in detail in *Parkhurst v. White,* 254 Iowa 477, 481–482, 118 N.W.2d 47, 49–50 (1962). See also *Gray v. Steele,* 264 N.W.2d 752, 753 (Iowa 1978); *West v. Hawker,* 237 N.W.2d 802, 805 (Iowa 1976); *Marks v. Shinrone, Inc.,* 220 N.W.2d 889, 890–891 (Iowa 1974); and *Halverson v. Hageman,* 249 Iowa 1381, 1386–1387, 92 N.W.2d 569, 573 (1958). We recognize that even our more liberal approach has been criticized as inadequate. *Commencing Civil Actions,* 62 Iowa L.Rev. 192, 214 (1976). Yet most critics recognize that a defect, substantial to the point of being misleading, renders an original notice fatally defective. See *Suit Preclusion Through Noncompliance with Iowa Original Notice Requirements,* 55 Iowa L.Rev. 1049, 1062 (1970).

In 1975, we amended our process rules, conforming them more closely with those of the federal courts. The original notice we are considering is governed by the amended rules. Under our current system the clerk of court superintends process. Iowa R.Civ.P. 49. We previously expressed our hope that the 1975 change would do away with any advantage in searching out flaws in the original notice:

> It was hoped, with the amendment of our process rules in 1975, that parties served with an original notice of actions then on file would find no advantage in searching out technical defects or omissions in the original notice. Plaintiff could have avoided any question by serving defendant anew. Defendant had nothing to lose by simply appearing. The ruling of the trial court was in error.

> The actions of the parties in perfecting and resisting in this appeal were unnecessary.

*Patten v. City of Waterloo,* 260 N.W.2d 840, 842 (Iowa 1977).

II. Flaws in the original notice served on the Holmeses are apparent. A reading of the copy of the petition attached to the original notice fully disclosed the claims in the suit. But the Holmeses urge that the petition and the original notice, read together, did not adequately advise them when they had to appear, or where. In addition, it is apparent that there was a wholesale failure to tell the Holmeses they had to defend against the suit in order to avoid default.

Iowa R.Civ.P. 49(a), previously quoted, prescribes the form of original notice and includes a requirement that the defendant be informed of the time within which he must "appear and defend." That time, under rule 53, R.C.P., varies, depending upon the manner of service of the original notice. The Holmeses (who were served personally) were required to appear within 20 days after service.

The requirements of rule 53 are to be measured in the light of rule 82. Rule 82 specifies what is to be done to serve and file various court papers, including appearances. Such papers are to be served on the parties. Where, as here, the parties to be served are represented by counsel, service is by delivering or mailing a copy to the attorney. A copy must also be filed with the clerk. Filing is timely, under rule 82(d), if service on the party (or attorney) is within the specified period and filing is completed within a reasonable time thereafter.

In spite of its obvious infirmities, the notice served on the Holmeses did outline the bare requirements for serving and filing an appearance under rule 82. If they had chosen to follow the directives of the notice, the Holmeses would have appeared before default. Read in conjunction with rule 82, rule 53 required only that any appearance by the Holmeses be served upon the mortgagee's counsel within 20 days and filed with the clerk within a reasonable time thereafter.

III. The challenged notice did not include any directive to the Holmeses to defend against plaintiff's petition as required by rule 49. This deficiency, at first blush, would seem to be a ground to set aside the default under rule 252. But the Holmeses cannot complain of the deficiency.

The notice directed the Holmeses to at least appear. Under rule 87, R.C.P., an appearance alone (that is, an appearance unaccompanied by a motion or pleading) is a submission to jurisdiction. The notice served on the Holmeses was sufficient to establish jurisdiction so that the Holmeses were in default upon their failure to appear. While the absence of a directive to defend did not render notice (and any judgment based on it) void it is clear that, if a party can show prejudice, such a notice and the subsequent judgment are voidable.

Significantly, the Holmeses did not appear and thereafter fail to defend. They were in no way prejudiced by the omission of a directive to defend. Since they were not misled they will not be heard to borrow the complaint of others who may fail to defend after appearing. Having failed to show they were prejudiced they cannot prevail.

IV. It is also important that more than a year elapsed between the entry of the default judgment and the filing of this petition to vacate. Rule 253 provides that such a petition must be filed within one year after judgment. As recently as in *Rosenberg v. Jackson,* 247 N.W.2d 216, 218 (Iowa 1976) we held that a party may seek to have a judgment vacated at any time if it is void. But the privilege for tardy application does not extend to set aside a voidable judgment.

We have said the judgment in this case would have been voidable as to any parties who might have been misled into appearing and not thereafter defending. But any application to vacate on such a ground, however, would have to have been filed within one year under rule 253. The Holmeses did not apply to vacate within one year.

As noted earlier, our recent opinions have shown an increasing reluctance to find a lack of jurisdiction due to technical noncompliance. The deviations from the requirements of our rules in this case were not misleading. Even when taken together, they amounted to a mere irregularity rather than a substantial defect.

AFFIRMED.

All Justices concur except UHLENHOPP, J., REYNOLDSON, C. J., LeGRAND and ALLBEE, JJ., dissent.

UHLENHOPP, Justice (dissenting).

I. I have endeavored to reach the same result as the court majority but am unable to do so because of rules 87 and 49(a) of our Rules of Civil Procedure. The original notice did not tell the Holmeses they had to "defend." On the contrary, it informed them as one alternative that they could serve and file an "appearance." Yet rule 87 states:

An appearance without motion or pleading shall have the effect only of submitting to the jurisdiction. *The court shall have no power to treat such appearance as sufficient to delay or prevent a default or any other order which would be made in absence thereof, or of timely pleading.* (Emphasis added.)

Rule 49(a), formerly numbered rule 50, uses the imperative "shall." An original notice shall contain the time within which the defendant must appear "and defend" and shall notify the defendant that if he fails "to do so" judgment will be rendered against him. Without telling them to defend, this original notice required the Holmeses to serve and file an "appearance, motion *or* pleading." (Emphasis added.) Because of rule 87, however, serving and filing an appearance is not sufficient to prevent default. That indeed is the very reason the words "and defend" are in rule 49(a). I do not think that giving the alternative of appearing and omitting the requirement of defending constitute a mere irregularity. Informing the defendant in an original notice of what he is required to do constitutes the heart of the message.

II. The court majority holds nevertheless that since the Holmeses did not appear, giving the alternative of appearing and omitting the requirement of defending are not prejudicial. I think this reverses the parties' roles in the commencement of actions. A defendant is only required to appear—and then defend—if served with a valid notice in the first place. To hold otherwise means, essentially, that an invalid notice gives a court jurisdiction.

In the original suit the district court purported to adjudicate foreclosure. But a court can adjudicate only when it has jurisdiction, and a court's jurisdiction must be invoked in accordance with its rules.

The *Holmeses* did not seek to invoke the district court's jurisdiction in the foreclosure suit; the *bank* did so, and is now claiming the benefits of the purported foreclosure decree. Since the *bank* omitted the essential words in the notice, it should not be able to point the finger at the *Holmeses.*

The suitor who invokes a court's jurisdiction is the one responsible for commencing suit in compliance with the rules. *White v. O'Neil,* 164 N.W.2d 79, 81 (Iowa 1969) ("Appellants argue that the omission of these salutation clauses did not mislead, deceive, nor prejudice the defendant, and in this particular case we would agree. Nevertheless, we have consistently held a showing of no prejudice will not avoid the application of rule 50.").

I would reverse.

REYNOLDSON, C. J., LeGRAND, and ALLBEE, JJ., join in this dissent.