# IN THE COURT OF APPEALS OF IOWA

No. 20-0332
Filed April 14, 2021

**STANLEY HIGDON,**
Plaintiff-Appellee,

**vs.**

**SHAWN RANA,**
Defendant-Appellant,

**and**

**LEANNE RANA,**
Defendant.

_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

Shawn Rana appeals the imposition of sanctions against him and the entry of judgment based on those sanctions. **SANCTIONS AND JUDGMENT VACATED AND CASE REMANDED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Richard L. Fehseke of Fehseke & Gray Law Offices, Fort Madison, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Shawn Rana appeals the sanctions imposed against him for his failure to attend his deposition and produce documents and the entry of judgment based on those sanctions. We find no evidence the underlying order to compel discovery was served upon Shawn individually, as required under our rules of civil procedure. We therefore vacate the sanctions and judgment against Shawn and remand for further proceedings.

On January 28, 2019, Stanley Higdon filed a petition claiming Shawn and Leann Rana[1] failed to pay for improvements Higdon made to the Ranas' property. On September 27, Higdon filed a motion to compel, asserting Shawn failed to appear at and produce documents for Shawn's scheduled deposition. On October 22, the district court issued an order compelling discovery, which directed Shawn to appear at and produce documents for an October 29 deposition, imposed a monetary sanction of $648.40 against Shawn for his failure to appear, and warned that an additional failure to comply may result in additional sanctions. On November 21, Higdon filed a motion for sanctions, asserting Shawn also failed to appear at or produce documents for the October 29 deposition. Shawn resisted the motion, asserting the district court did not serve him with the October 22 order as required by Iowa Rule of Civil Procedure 1.517(1)(e) and Higdon failed to allege good faith efforts between the parties in his motion for sanctions as required by the Iowa Rule of Civil Procedure 1.517(5). On December 10, the district court granted the motion for sanctions, ordering all facts in the petition admitted as they relate to

---

[1] Shawn and Leann were represented by separate counsel throughout this proceeding. Leann does not participate in this action before us.

Shawn. Shawn filed a motion to enlarge or amend, which the district court denied. The district court then entered judgment on the pleadings against Shawn. *See* Iowa R. Civ. P. 1.954. Shawn appeals.

"We 'review decisions on sanctions for violation of discovery for an abuse of discretion.'" *City of Des Moines v. Ogden*, 909 N.W.2d 417, 422–23 (Iowa 2018) (quoting *Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 385 (Iowa 2012)). "'A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable,' by issuing a decision that 'is not supported by substantial evidence' or one that 'is based on an erroneous application of the law.'" *Id.* at 423 (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016)).

On appeal, Shawn alleges the same violations of our rules of civil procedure that he alleged before the district court. First, Shawn argues the district court did not order the clerk to serve him with a copy of the October 22 order compelling discovery. *See* Iowa R. Civ. P. 1.517(1)(e). Second, Shawn argues Higdon failed to allege good faith efforts between the parties before Higdon filed for sanctions. *See* Iowa R. Civ. P. 1.517(5). We find the first issue dispositive and do not address the second.

Higdon's motion for sanctions alleges Shawn was "intentionally failing to comply with the Orders of this Court," including the October 22 order compelling discovery by requiring Shawn to attend his deposition and produce documents at the deposition. In his brief to us, Shawn asserts "neither the [district court] nor [Higdon] served or even attempted to serve" the October 22 order on Shawn personally and failure to provide such service violates our rules of civil procedure.

*See* Iowa R. Civ. P. 1.517(1)(e) ("If the motion [to compel discovery] is granted, the court shall direct the clerk to serve a copy of the order to counsel and to the party or parties whose conduct, individually or by counsel, necessitated the motion."). Thus, Shawn argues, there is no valid court order to serve as the basis for the harsh sanction of admitting all allegations against him in the petition.

We agree with Shawn that rule 1.517(1)(e) requires the court to direct the clerk to serve copies of the October 22 order on both Shawn personally and Shawn's counsel. Additionally, admitting all allegations in the petition against Shawn essentially results in a default judgment that Shawn could not defend against, and we agree the court abused its discretion in imposing this sanction if the court did not serve the October 22 order upon Shawn individually. *See Troendle v. Hanson*, 570 N.W.2d 753, 755 (Iowa 1997) ("Because the sanctions of dismissal and default judgment preclude a trial on the merits, the range of the trial court's discretion to impose such sanctions is narrow. We have consistently held that in order to justify dismissal or judgment by default, a party's noncompliance with the court's discovery orders must be the result of willfulness, fault or bad faith."); *Suckow v. Boon State Bank & Tr. Co.*, 314 N.W.2d 421, 426 (Iowa 1982) ("[D]ismissal is a discovery sanction generally used when a party has violated a trial court's order.").

Our review of the district court is complicated by the fact the court never performed factfinding related to or analysis of Shawn's arguments, either in the order granting sanctions or in the subsequent order denying Shawn's motion to enlarge or amend. Moreover, nothing in the record—evidence or pleadings— shows the district court ordered the clerk to serve the October 22 order on Shawn,

or that Shawn otherwise received a copy of the October 22 order. Likewise, the October 22 order itself contains no language directing the clerk to serve the order on Shawn or anyone else.

As the party seeking sanctions, Higdon bore the burden to prove the allegations in his motion. *See In re Estate of Kneebs*, 70 N.W.2d 539, 542 (Iowa 1955) ("The party who is required to plead an issue has the burden of proving that issue." (citation omitted)). Higdon acknowledges in his appellate brief "[n]o evidence was presented in connection with the Motion for Sanctions." Nevertheless, Higdon asserts we may presume the clerk did his or her duty and served Shawn with the October 22 order. *See Halverson v. Hageman*, 92 N.W.2d 569, 576 (Iowa 1958) ("[T]he presumption prevails that the clerk of the court, like other public officials, performed his duties."). However, the general rule is "[s]ervice upon a party represented by an attorney shall be made upon the attorney unless" the court orders otherwise. Iowa R. Civ. P. 1.442(2). Shawn was represented by an attorney during the relevant time below. Without evidence the court ordered service beyond the general requirements of rule 1.442(2), the clerk had no duty to serve Shawn personally with the October 22 order, and we cannot presume the clerk did so.

Higdon has not shown the district court directed the clerk to serve Shawn with the October 22 order compelling discovery. Therefore, Higdon has not shown Shawn willfully violated a valid court order or otherwise acted in bad faith, and the district court abused its discretion in imposing the harsh sanction of admitting all allegations against Shawn. We reverse and vacate the court's orders imposing sanctions. With the vacation of the sanctions, there is no basis for entry of

judgment on the pleadings against Shawn, so the judgment against Shawn is also vacated.  We remand for further proceedings.

**SANCTIONS AND JUDGMENT VACATED AND CASE REMANDED.**