WATERLOO CANNING COMPANY, Petitioner, v. MUNICIPAL COURT OF WATERLOO et al., Respondents.

No. 41432.

JUNE 24, 1932.

Pike, Sias, Zimmerman & Butler, for petitioner.

Kildee & Kildee, for respondent.

DE GRAFF, J.—This is a proceeding in certiorari. The writ issued from this court. The question presented is within narrow compass. It is primarily a fact question. The battle ground of this controversy centers around the validity of a purported garnishment on the Waterloo Canning Company, petitioner herein. It may be said that the manner of making the garnishment and the return thereof is not questioned, except on one ground: that the service of garnishment on the Waterloo Canning Company was not made on any trustee of said corporation, or on an officer

thereof, or on any agent employed in the general management of its business.

Chapter 489, Code, 1931, provides the manner of commencing actions against corporations, and as to domestic corporations, such as involved herein, Section 11077 states the manner of service and provides that ''service may be made on any trustee or officer thereof, or on any agent employed in the general management of its business, * * *'' In general, when the garnishee is a corporation the summons or notice in garnishment must be served upon one who at the time of service was such an officer or agent as by law authorized to receive service for and on behalf of the corporation. 28 C. J. p. 227, Sec. 310.

The specific question in the case at bar is whether the person on whom the garnishment was served, to wit, Mayme Sorenson, was acting at said time as the general agent in the management of the garnishee, Waterloo Canning Company.

The certified transcript of the record and proceedings, which constitutes the return of the Respondent Judge in the certiorari proceeding, discloses that on the 5th day of November, 1931, a default judgment was entered against the defendant William Snyder for want of answer on his part and in favor of the plaintiff, Robert Drug Company, plaintiff in the original action. On the 2d day of December, 1931, the Municipal Court of Waterloo (Ben G. Howrey, Judge) made the following entry:

''Judgment in favor of the plaintiff against the [garnishee] defendant, Waterloo Canning Company, for the sum of $115.29. General execution awarded.''

On the same date the garnishee-defendant, Waterloo Canning Company, filed a motion to set aside the judgment against the garnishee, alleging that service of notice in the above entitled action was never had upon the garnishee, Waterloo Canning Company, and that ''no notice has ever been served in this cause upon any trustee or officer thereof or upon any agent employed in the general management of its business.'' On the 31st day of December, 1931, the Respondent Judge made the following ruling:

''Garnishee-defendant's motion to set aside the judgment against the garnishee-defendant, Waterloo Canning Company, is hereby overruled.''

The recitals in garnishee-defendant's motion present the real issue in this case. In brief, was Mayme Sorenson the general agent of the Canning Corporation at the time she accepted service on behalf of the Waterloo Canning Company, and at the time she answered the interrogatory on the 30th day of November, 1931? The certified return shows the following:

"Questions to be answered by the garnishee. 1st. Are you in any manner indebted to the defendant in this suit, or do you owe money or property which is not yet due? If so, state the particulars. Ans. Owe for sweet corn delivered to our factory, amount $195.04. (Signed) Waterloo Canning Company, Mayme Sorenson, cashier."

Attached to garnishee's motion to set aside the judgment entered against it were certain affidavits tending to establish the truth of the recitals of said motion, to which we will presently refer; and it may be added that the motion to set aside the judgment against garnishee came on for hearing on the 15th day of December, 1931, at which time oral testimony was heard on said motion.

Section 12456, Code, 1931, defines when a writ of certiorari lies. It is a well recognized legal principle in this jurisdiction that when an aggrieved party has a remedy by appeal, certiorari does not lie. Hoskins v. Carter, 212 Iowa 265. In the instant case we are not concerned with the jurisdiction of either party to the original action, but we are concerned with the jurisdiction of the Municipal Court at the time of the ruling on the motion to set aside the judgment against the garnishee, Waterloo Canning Company, a petitioner herein. See Dickson Fruit Co. v. District Court of Sac County, 203 Iowa 1028; Turner v. Woodruff, 192 Iowa 848, 1. c. 851. In other words, as heretofore pointed out, was Mayme Sorenson, when she signed the answer in the garnishment proceedings, such a person as defined and included in Section 11077, Code, 1931?

We now turn our attention to the testimony offered on the hearing of garnishee's motion to set aside the judgment against the garnishee-defendant. It discloses that Mayme Sorenson used the title of cashier of the Waterloo Canning Corporation in signing papers in connection with the corporation's business, and that she signed many checks in that manner. It is fair to assume that

the managing officer of said corporation had knowledge of this fact, and is chargeable, under the circumstances, with knowledge. Miss Sorenson further testified that most of the time she was the only employee in the office of said corporation, with the exception of the manager, Paul Read, and that he was out of the office much of the time, and during his absence she looked after the office. Her testimony, over objection, further shows that she had been served with notices of garnishment and answered the same on behalf of the corporation in a number of cases. She further testified that she had been served with the notice of garnishment in the case of the Robert Drug Company v. Wm. Snyder, by George Kreiman, Deputy Bailiff of the Municipal Court of Waterloo, and that the Bailiff, G. M. Essex, of said Municipal Court called her and requested that she answer said garnishment proceeding, as her time for answering had expired, and that she then filed the answer, signing the same ''Waterloo Canning Company, Mayme Sorenson, cashier.'' She also testified that she had talked with the plaintiff's attorney on several occasions concerning the plaintiff's claim against William Snyder prior to the garnishment proceeding.

It is conclusively shown that Miss Sorenson was not an officer or trustee of the Waterloo Canning Company, but she testified that she was employed as a bookkeeper and for general office work; that she received her instructions from the manager, Paul Read. She also testified on re-direct examination by attorney for the Respondent that she had never been instructed not to accept service of garnishment or not to look after garnishment cases.

Manager Paul Read testified that Miss Sorenson looked after the office in his absence and that she wrote checks on the corporation's account and signed her name as cashier; and, over objection, he testified that Miss Sorenson was in the habit of looking after garnishment cases in the past and that she had looked after a number of garnishments on behalf of the Company. On re-direct examination by counsel for the Respondent, he testified that he had never notified Mayme Sorenson that she should not accept service or answer garnishment proceedings against the Waterloo Canning Company. The Deputy Bailiff, George Kreiman, testified that he served a notice of garnishment on the Waterloo Canning Company by serving the same on Mayme

Sorenson, and that he had served Miss Sorenson on behalf of the Waterloo Canning Company on a number of occasions in the past.

On a careful review of the certified record, we reach the conclusion that the Respondent Court ruled the motion to dismiss the judgment against the garnishee-defendant correctly, and that Mayme Sorenson was, at least impliedly, an agent at the time in question employed in the general management of the business of the Waterloo Canning Company. It follows, therefore, from this view of the record that the Municipal Court was not without jurisdiction to enter a judgment against the garnishee-defendant in this case and that there was a legal notice of service upon the garnishee.

Judgment affirmed, and the writ of certiorari annulled.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.