**CITY OF OELWEIN, Iowa,**
**Plaintiff-Appellee,**

v.

**Leo DVORSKY, Defendant-Appellant.**

**No. 84–1255.**

Court of Appeals of Iowa.

Nov. 26, 1985.

Robert J. Hearity, of the Hearity Law Firm, Oelwein, for defendant-appellant.

Ronald L. Van Veldhuizen, Acting City Atty., Oelwein, for plaintiff-appellee.

Considered by DONIELSON, P.J., SCHLEGEL, and HAYDEN, JJ.

SCHLEGEL, Judge.

The defendant, Leo Dvorsky, appeals the court's order overruling his special appearance, contesting the court's jurisdiction to grant a temporary injunction and later a permanent injunction (with other relief).

In November, 1981, Dvorsky sought a variance from the Planning and Zoning Commission and Board of Adjustment of Oelwein, for the purpose of building a garage upon his residence property. The con-

struction proposed was not in compliance with the building and zoning codes. The variance was denied by the commission and board. Thereafter, Dvorsky proceeded with construction of the garage.

On December 6, 1982, Oelwein filed a petition in equity, alleging the improper and illegal construction of the garage, and praying that Dvorsky be enjoined and restrained from constructing the garage in violation of the building and zoning codes and from leaving the incomplete structure standing in violation of those codes. Further, Oelwein sought authority to remove the structure and assess the costs of removal against Dvorsky.

On the same day, Oelwein obtained an order of court that Dvorsky show cause before the court at 1:30 p.m. on January 3, 1983, why an injunction should not be issued, and for such further relief as may be just and equitable. That order provided: "That notice of the time and place of such hearing herein set and fixed be given the Respondent in the manner provided for the service of Original Notices in the Iowa Rules of Civil Procedure." That order also restrained Dvorsky from committing or permitting "any of said acts" until the further order of court.

On December 7, 1982, a document entitled "Notice" was served upon Dvorsky. That notice was as follows:

YOU ARE HEREBY NOTIFIED, that there is now on file in the office of the Clerk of the District Court of the State of Iowa in and for Fayette County, in the Courthouse at West Union, Iowa, the Petition and Affidavit of the Petitioner in this action alleging that you are constructing a garage on your residence real estate, described in such Petition, in violation of the provisions of the petitioning city's Building and Zoning Codes in the particulars set forth in such Petition, and praying that you be forever enjoined and restrained from continuing the construction of said garage in violation of the provisions of the petitioning City's Building and Zoning Codes in the particulars set forth therein, from leaving the par-

tially completed garage structure standing in violation of such Building and Zoning Codes, and that unless you remove the said partially completed garage structure from said premises within such time as the Court deems reasonable that the Petitioner be authorized to raze and remove the same from said premises, that the costs of such removal be assessed as costs in rem against the real estate of the Respondent, and for such further and other relief as may be deemed equitable in the premises and for costs of this action, and that in the meantime that you as Respondent be restrained and forbidden to commit or permit any acts of further construction of such garage building until the further Order of said Court.

That time and place of hearing on such Petition has been heretofore set and fixed by the Court for 1:30 o'clock p.m. on the 3rd day of January, 1983, in the Court Room of the Courthouse in West Union, Fayette County, Iowa, and that unless you appear and show cause why an injunction should not be issued as prayed in such Petition on or before the time and place thus set and fixed for such hearing, your default will be entered and Decree rendered for the relief prayed in such Petition, and a temporary injunction will issue as prayed to be in full force and effect until final hearing in this action.

That the Court in such Order has restrained and forbidden you to commit or permit any acts of further construction of such garage building until the further Order of said Court in the matter.

YOU WILL THEREFORE TAKE DUE NOTICE of such restraining order to avoid the penalties of law.

For further particulars see the Petitioner's Petition now on file herein.

Dated at West Union, Iowa, this 6th day of Dec. 1982.

The notice was signed by the Clerk of Court for Fayette County, and bore the address of the clerk at the county courthouse in West Union, Iowa. At the bottom

of the page there appeared, printed upon the stationery, the following:

Darold J. Jack

Attorney

Oelwein, Iowa

There was no petition attached to the notice, and the record does not show that a copy of the court's order setting the matter for hearing, or the order restraining further construction was served upon Dvorsky. The sheriff's return is attached to the original of the above notice, and the sheriff's log, included in the record of proceedings, shows the service of only the notice.

At the hearing set for January 3, 1983, Oelwein appeared by its attorney, but Dvorsky did not appear. Default was entered against Dvorsky, and a temporary injunction was ordered. Pursuant to that order, a writ of injunction was served on Dvorsky on January 4, 1983. On October 10, 1983, the court entered an order making the temporary injunction permanent. The order also required Dvorsky to remove the garage within forty-five days and authorized the city to remove it after that time and assess the costs of removal "in rem against the real estate of the Respondent described in said petition."

On December 14, 1983, Dvorsky filed a motion for protective order, and obtained an ex parte order for the preservation of a video tape of a council meeting of the City of Oelwein where the garage demolition was discussed. On January 4, 1984, the protective order obtained by Dvorsky was set aside as of January 11, 1984, if no discovery was carried out by Dvorsky by that time. On January 9, 1984, an order was entered assessing costs of demolition and the costs of the case. On January 25, 1984, Dvorsky filed a special appearance, attacking the jurisdiction of the court to enter judgment against him, on grounds that he was never served an original notice. Specifically, he claimed that he had never been served a copy of the petition in this case.

The special appearance was submitted and was overruled. We affirm.

**I. Original Notice.** Dvorsky claims that all orders entered in this matter, regarding the injunctions and concerning the costs incurred by Oelwein, are void, because they were entered without personal jurisdiction. His claim of lack of jurisdiction is based upon his allegation that the notice served upon him was defective as an original notice.

An original notice shall contain:

...[T]he name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise plaintiff's address, and the time within which these rules require the defendant to serve, and within a reasonable time thereafter file, a written special appearance, motion or answer, and shall notify defendant that in case of defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the petition.

Iowa R.Civ.P. 49.

Significantly, that rule also provides in subsection (b) thereof, the following:

(b) Upon the filing of the petition the clerk shall forthwith deliver for service the original notice and copies, copies of the petition, and the directions for service to the sheriff....

A substantial defect renders an original notice fatally defective; any judgment based thereon is void. A mere irregularity, on the other hand, has no such effect on the original notice; a judgment based thereon is not void (but may be voidable). *Holmes v. Polk City Savings Bank,* 278 N.W.2d 32 (Iowa 1979).

The Iowa Supreme Court has stated: Since 1975, when we amended our process rules, those challenging the form of original notice have faced a different adversary. The court itself, through the clerk, superintends the process. It is the court's efforts that are being questioned. We have repeated our intention to strip away any advantage that may have exist-

ed in the former practice of searching for flaws in original notices.

*Jontz v. Mahedy,* 293 N.W.2d 1 (Iowa 1980).

Since Dvorsky claims the court lacked jurisdiction by reason of a faulty original notice, it is necessary that we determine whether the flaws claimed amount to a "substantial defect" or to a "mere irregularity." *Holmes v. Polk City Savings Bank,* 278 N.W.2d 32, 34 (Iowa 1979). The distinction between mere irregularities and substantial defects is stated by the Iowa Supreme Court as follows:

> [M]ere irregularities which relate principally to the form of the notice or to technical or clerical errors, and which do not deceive or mislead the defendant, will not be found fatal to the jurisdiction of the court, but those amounting to a substantial departure from the substance requirements of the rule would affect the validity of the notice.

*Parkhurst v. White,* 254 Iowa 477, 481–82, 118 N.W.2d 47, 49–50 (Iowa 1962). That case also held that it was appropriate to consider whether prejudice was suffered by the defendant, before making a decision as to the validity of the notice. *Id.,* 118 N.W.2d at 50. The court expressed a reluctance to set aside judgments based upon such notices, "especially when the defect was not serious and no prejudice appeared." *Id.*

More recently, the supreme court has stated:

> Under current practice any defendant who is given notice which actually is sufficient to apprise of those matters described in the rules, and who is not prejudiced by any technical flaws in the form of notice, has nothing to gain and much to lose by challenging it. The question in considering flaws or technical defects in form is whether the defendant has been misled. (Citations omitted.)

*Jontz v. Mahedy,* 293 N.W.2d 1, 4 (Iowa 1980).

**II. Validity of Notice.** Examining the notice given in this case, in the light of the authorities referred to above, we must first observe that there was a woeful lack of adherence with the rules concerning the issuance and form of the original notice (Rule 49, Iowa R.Civ.P.); a serious lack of compliance with the provisions relating to service of copies of the petition (Iowa R.Civ.P. 50); and lack of service of the restraining order signed by the court on December 6, 1982. Although we find the notice here to be barely sufficient to pass muster under our liberal construction, we take little comfort from the obvious failure of compliance with the clear and specific rules relating to original notices. In spite of those obvious infirmities, we find that the notice served outlined the bare requirements of the rules. Service of a copy of the petition with the notice is required by Iowa Rule of Civil Procedure 50, and would have provided some, but not all, of the omissions apparent in this record. We should also observe that the notice would not completely satisfy Rule 50 as a published notice. The notice in this case contained the following information that is required by the rule. Iowa Rules of Civil Procedure 49: (1) the name of the court; (2) the names of the parties; (3) it was directed to the defendant (respondent); (4) it notified the defendant that in case he failed to appear, judgment by default would be rendered against him for the relief demanded in the petition; and in addition, the printed name and address of what has to be assumed to be plaintiff's attorney appeared at the bottom of the document. The notice did not notify the defendant of the time "within which these rules require the defendant to serve, and within a reasonable time thereafter file, a written special appearance, motion or answer." *See,* Iowa R.Civ.P. 53.

In *Holmes v. Polk City Savings Bank, supra,* commenting upon the failure of a notice to direct Holmes to defend against plaintiff's petition, the court said:

> The notice directed the Holmeses to at least appear. Under rule 87, R.C.P., an appearance alone (that is, an appearance unaccompanied by a motion or pleading) is a submission to jurisdiction. The no-

tice served on the Holmeses was sufficient to establish jurisdiction so that the Holmeses were in default upon their failure to appear.

*Id.* at 35.

So, in this case, although the specific words of the rule were not used, and the specific requirements of the rule were not followed or carried out, Dvorsky was not misled. The notice notified him that if he did not appear and show cause (defend), default would be taken and judgment would be rendered for the relief demanded. The notice set out specifically the consequences of his failure to appear.

We hold that the notice was sufficient to confer jurisdiction of the court upon Dvorsky, and that the judgments and orders entered by the court were valid and enforceable.

Having ruled that the notice was sufficient to subject Dvorsky to the jurisdiction of the court, it is unnecessary for us to consider the effect of Dvorsky's filing, in the case, a motion for protective order. We make no holding as to whether that act submits to the jurisdiction of the court so as to validate the orders previously entered in the case.

We affirm the trial court's ruling, overruling the special appearance of Dvorsky.

AFFIRMED.