**Terry Raymond STRONG,**
**Plaintiff–Appellant,**

v.

**Marjorie M. JARVIS and Ernie E. and April K. Schoening, Defendants–Appellees.**

**No. 93–0180.**

Court of Appeals of Iowa.

Sept. 16, 1994.

Don M. Peterson, Council Bluffs, for appellant.

Stephen L. Rosman of Finerty–Rosman, P.C., Council Bluffs, for appellees.

Considered by DONIELSON, C.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Terry and Linda Strong were divorced in 1982. Pursuant to the decree, Linda was awarded the house at 2813 Renner Drive in Council Bluffs. Terry was awarded two separate parcels of land. One such parcel was located at 3629 Richland Drive. On this property was located a large garage, in which Terry alleged he was living after the divorce. Terry had executed two mortgages for $100,-000 in favor of his mother Marjorie Jarvis

and his stepfather. Terry had made no payments on the mortgages.[1]

Due to the failure of his gas station business, Terry became delinquent on his property taxes. On June 15, 1987, the station and the large garage were sold to Pottawattamie County for the delinquent and unpaid real estate taxes against the property. In March 1988, Terry began negotiating a lease on the station and allowed a salesman to rent the large garage as a residence. On March 7, 1988, the county assigned its interest in the property to the Jarvises.

On March 10, 1988, the "notice of expiration of right of redemption from tax sale" concerning the large garage was served by deputy Wayne Wood on Terry by substitute service on Todd Strong, a person over eighteen years of age residing at 2813 Renner Drive, Council Bluffs, Iowa. Todd Strong is the son of Terry and Linda Strong. On March 16, 1988, deputy Wood served the redemption notice concerning the station on Terry by substitute service on Linda Strong at 2813 Renner Drive, Council Bluffs, Iowa. Terry denies he resided at 2813 Renner Drive at the time of either service. Like the trial court, we find Terry did reside at 2813 Renner Drive at the time the notices were served.

On May 1, 1988, Enterprize Car Leasing Company–Southwest took possession of the station under a two-year lease at a rate of $650 per month. Affidavits filed in the county treasurer's office indicate that Terry was personally served with the notice of expiration of the ninety-day redemption period.

On June 16, 1988, and June 23, 1988, the county issued tax sale deeds to the Jarvises on the gas station and the garage, where Terry allegedly resided. The Jarvises began collecting the rent paid by Enterprize for the use of the gas station, and served Terry a notice of criminal trespass at the garage.

On November 13, 1990, Terry filed the present petition, seeking equitable redemption of his property at 3629 Richland and a rescission of the tax sale deeds purchased by the Jarvises. Terry maintained that he was not living at the home on 2813 Renner with Linda and his son, and that he did not receive personal service of the notice of right to redemption. Terry argued he had been residing in the garage at 3629 Richland all along.

At trial, Terry denied he had lived in the marital home with Linda and Todd. Terry also testified that he was the sole owner of the property and his name only appeared on the title to the property. Terry maintained he had mainly been living out of his car, but would be at the marital home at times to baby-sit or for some other occasion.

Linda testified that Terry was living with her in 1988 and at the time substitute service was made because Terry was very sick and needed a place to live. Gene Strong, Terry's brother, testified that during the winter of 1988, Terry was living with Linda and Todd. He also testified that Terry had taxpapers at Linda's house but would not read them. The deputy sheriff who made the service testified regarding the method he uses for substitute service.

The district court ruled Terry had failed to rebut the presumption of completed service as set forth in Iowa Code section 447.12 (1991). The court further opined Terry had been living with Linda and Todd at all material times surrounding the service of the notice of right of redemption. The district court found these substitute services were proper in light of section 447.9. The district court found the tax sale deeds to be valid. Terry appeals.

 The sole issue on appeal is whether Terry was properly served with the notice of expiration of right of redemption from tax sale. If it is found Terry was not properly served, then Terry's claims regarding equitable redemption and rescission of the tax sale deeds should be considered. If Terry was properly served, then he has no cause of action. We find Terry was properly served and affirm the district court.

---

1. At the time of the loans, Terry was contemplating bankruptcy. The mortgages were given as security for those loans.

Actions to set aside tax deeds arise in equity, and are reviewed de novo. *Pendergast v. Davenport*, 375 N.W.2d 684 (Iowa 1985). There is a strong presumption regarding the return of service of an officer and that return cannot be impeached except by very clear and satisfactory proof. *Chader v. Wilkins*, 226 Iowa 417, 420, 284 N.W. 183, 185 (1939).

Iowa Code section 447.9 (1991) states that service of the notice may be made "in the manner provided for the service of original notices in R.C.P. 56.1." Service may be made:

> Upon any individual aged eighteen years or more who has not been adjudged incompetent, either by taking the individual's signed, dated acknowledgment of service endorsed on the notice; or by serving the individual personally; or by serving, at the individual's dwelling house or usual place of abode, any person residing therein who is at least eighteen years old....

Iowa R.Civ.P. 56.1(a). We find, as the district court found, that Terry resided at 2813 Renner Drive in March 1988 when service was made.

Evidence was not provided to overcome the strong presumption in favor of the return of the officer. Testimony from both Terry and Linda was contradictory, confusing, and lacking in credibility. Todd discredited his own testimony by admitting he has long-term memory problems. Gene Strong, Terry's brother, and Marjorie Jarvis both testified that Terry was living at 2813 Renner Drive in March 1988. Wayne Wood, the Deputy Sheriff who made the service, testified that his investigation led him to believe Terry lived at 2813 Renner Drive when service was made. He testified, in part, as follows:

> Q: Did it show what address those papers were served when they were served on Linda and Todd Strong?
>
> A: Both indicate the address of 2813 Renner Drive here in Council Bluffs.
>
> Q: Deputy, when you serve a party with legal papers by serving someone over the age of 18 there in the household what you referred to as substitute service, what are your procedures with regard to satisfying yourself that the person named in the process is in fact a member of that household?
>
> A: Well, our normal question when we get someone to answer the door is does the party that we have process for live at this address and then we go from there, whether or not they say, yes, they do live here, or they do not live here.
>
> Q: Before you leave a service of process on a substitute person over the age of 18, is it your procedure to make inquiry to be satisfied that the named person is in fact a member of that household?
>
> A: Yes. Of course, there's—it requires someone 18 or older, which the Court's trying to make sure that we get it to a responsible person other than a child that lives at that address.
>
> Q: Your normal procedure is also to ask that person whether or not the named party actually resides there at that home?
>
> A: Yes, sir.
>
> Q: If you had received a negative response from the party you were serving as a substitute, would you leave the papers there as a substitute service? In other words, if you—
>
> A: There would be a lot of—if I receive a negative response that this person does not live there, I would try to determine where that person does live so the service can be completed, and then we get into various other aspects of it.

We find Terry did reside at 2813 Renner Drive in March 1988 when service was made, proper substitute service was made, and the tax sale deeds to be valid. We will not consider the issue of whether proper service was made on persons in possession of the property in question, since this issue was not raised or considered by the district court. *See Peters v. Burlington N. R.R. Co.*, 492 N.W.2d 399 (Iowa 1992); *Johnston Equipment v. Industrial Indem.*, 489 N.W.2d 13 (Iowa 1992). We affirm the district court.

**AFFIRMED.**