**Chad A. CURTIS, Plaintiff,**

v.

**NID PTY, LTD., et al., Defendants.**

**No. 4:02–CV–40362.**

United States District Court,
S.D. Iowa,
Central Division.

March 6, 2003.

Harley Erbe, Nelson & Erbe PLC, Des Moines, IA, for Plaintiff.

Henry A. Harmon, Grefe & Sidney PLC, Des Moines, IA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER

GRITZNER, District Judge.

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's January 31, 2003, order granting Defendant's motion to dismiss. A hearing on the motion was held February 20, 2003. Representing the Plaintiff was Harley Erbe; representing the Defendant was Henry Harmon.

### RELEVANT FACTS

The January 31, 2003, order granted Defendant's motion to dismiss on the grounds that Plaintiff failed to demonstrate the Defendant had been properly served. (Clerk's No. 18). On February 3, 2003, Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 59(e) ("Fed.R.Civ.P. 59(e)"), praying the Court reconsider its judgment based on new evidence not available to the Plaintiff prior to the Court's entry of judgment.

The new evidence offered by Plaintiff is documentation which indicates proper service was effected upon Defendant NID PTY. Counsel for the Plaintiff explains he received a letter from process server APS International in early November. The letter informed counsel NID PTY had been served and the proof of service documentation had been sent to the court of record by the United States Department of State. Upon receipt of the letter, counsel contacted both the Union County Clerk of Court and the clerk of this court, requesting copies of those documents. Both courts told him the documents were not in the

case file. On February 3, 2003, counsel again contacted the Union County Clerk of Court and requested the documents. The documents were then located and bore an October 1, 2002, Union County Clerk of Court date stamp.

■ Plaintiff brings this motion pursuant to FRCP 59(e). The rule only sets forth the deadline for filing a motion to alter or amend a judgment: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). However, the Eighth Circuit provides the standard used to determine whether an Fed. R.Civ.P. 59(e) motion is properly before the court. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). The function of an FRCP 59(e) motion is limited to correcting " 'manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir.1987)). A motion to alter or amend is not the means by which a party can raise or argue an issue " 'which could, and should have been made' " prior to the entry of final judgment. *Garner v. Arvin Indus. Inc.*, 77 F.3d 255, 258–59 (8th Cir. 1996) (quoting *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir.1993)).

The Court finds this motion was timely filed and presents newly discovered evidence which was unavailable[1] to the Plaintiff prior to the entry of judgment; and, therefore, this Fed.R.Civ.P. 59(e) motion is properly before the Court. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998).

---

**1.** While the court records were physically present in the office of the Clerk of Court in Union County, the Court is convinced counsel for the Plaintiff was misled by the failure of the local clerk of court to correctly report the

presence of the records, and that counsel's inquiry was reasonable under the circumstances as it was reasonable for him to expect the clerk to locate records in that office.

## DISCUSSION

Plaintiff prays the Court reconsider its January 31, 2003, order granting Defendant's motion to dismiss for failure to demonstrate Defendant was properly served. Plaintiff argues the documents now filed with the court prove Defendant was timely and properly served. The documents include: (1) a Certification of an Executed Letter Rogatory signed by Melanie Harris, Vice Consul of the United States, Department of Foreign Affairs and Trade of Australia; (2) an affidavit and letter from Bhaskari Siva, Deputy Registrar, Supreme Court of New South Wales, certifying that service of process upon NID PTY was made in compliance with Australian law; and (3) the affidavit of Susanna Abbatantuono, Sheriff's Officer, Sydney City, indicating she served Jacqui Carrington, personal assistant to NID PTY's financial director, at NID PTY on June 25, 2002.

The documents were sent to the United States Department of State and then to the Union County Clerk of Court; the documents were received by the Union County Clerk of Court on October 1, 2002—prior to Plaintiff's November 26, 2002, service deadline.[2] Plaintiff's counsel indicates he requested the documents in early November and was informed by the Union County Clerk of Court the documents were not in the file. It was not until counsel's February 3, 2003, request, made after receiving this Court's prior order, that the Union County Clerk of Court located the documents. The Court finds these documents provide proof that Defendant was served. The Court further finds neither Plaintiff nor Plaintiff's counsel was at fault for the unavailability of these necessary documents.

### Acceptance of Service

Defendant does not contest the authenticity or timeliness of the documents, but argues Plaintiff has not complied with Iowa Rule of Civil Procedure 1.305 ("Rule 1.305") because Ms. Carrington is not a person qualified to accept service for the Defendant.[3] However, as Plaintiff counters, Iowa courts have recognized employees who perform some managerial responsibilities are deemed authorized to receive service. *See, e.g., Waterloo Canning Co. v. Mun. Ct. of Waterloo*, 214 Iowa 1169, 243 N.W. 287, 288 (Iowa 1932) (finding a cashier who ran the office in the manager's absence, signed checks, and managed defendant's company corporate account, was an agent for purposes of service of process); *Newton Mfg. Co. v. Biogenetics, Ltd.*, 461 N.W.2d 472, 474 (Iowa Ct.App. 1990) (finding an employee of defendant's company which received service of process on prior occasions qualified as a person qualified to receive service under Rule 56.1 (now 1.305)); *Life v. Best Refrigerated Exp., Inc.*, 443 N.W.2d 334, 337 (Iowa Ct. App.1989) (finding the term "managing agent" has no strict definition and cases have found "'a person is a 'managing agent' if his position is one of sufficient character and rank to make it reasonably certain that the corporation will be ap-

---

2. On October 18, 2002, this Court entered an order stating Defendant's motion to dismiss would not be ripe for review until the extension for service granted by Iowa District Judge Brown expired on November 26, 2002 (Clerk's No. 15).

3. Rule 1.305 states in pertinent part:
Original notices are 'served' by delivering a copy to the proper person. Personal service may be made .... [u]pon a ... corporation, by serving any present or acting or last-known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership.
Iowa R. Civ. P. 1.305 (West Supp.2002) (formerly cited as Iowa R. Civ. P. 56.1 (amended Nov. 9, 2001)).

praised of the service made through the agent'") (quoting 19 Am.Jur.2d *Corporations* § 2198 (1986)).

Plaintiff contends he has made a prima facie showing of jurisdiction and the burden of proof has shifted to the Defendant to rebut that presumption. *Hovey v. Elson*, 303 N.W.2d 132, 135 (Iowa 1981) ("Plaintiff has the burden to sustain the requisite jurisdiction; however, once a prima facie case has been established, the burden shifts to the defendant to produce evidence to rebut or overcome the prima facie showing."); *Strong v. Jarvis*, 524 N.W.2d 675, 677 (Iowa Ct.App.1994) ("There is a strong presumption regarding the return of service of an officer and that return cannot be impeached except by very clear and satisfactory proof.").

■ The Court agrees with Plaintiff. By serving Ms. Carrington, the assistant to NID PTY's financial director, Plaintiff has raised a rebuttable presumption of valid service; it is Defendant's burden to rebut this presumption. *Strong*, 524 N.W.2d at 677. Ms. Carrington was of sufficient rank to insure NID PTY would be apprised of service and Defendant's mere assertion that she was not authorized to accept service does not rebut the presumption. *Life*, 443 N.W.2d at 337. Furthermore, the record demonstrates Ms. Carrington did in fact apprise the appropriate persons of service since NID PTY secured local counsel and filed a notice of removal thirty days after Ms. Carrington accepted service.[4]

### Minimum Contacts

Defendant alternatively urges the Court to uphold dismissal of the case because Plaintiff has not complied with either Iowa Rule of Civil Procedure 1.306 or Iowa Code § 617.3. The January 31, 2003, order outlines Iowa Rule of Civil Procedure 1.306 ("Rule 1.306") as an alternative to Iowa Code § 617.3 to serve a foreign defendant. Plaintiff asserts jurisdiction over the Defendant based on Rule 1.306; therefore, the Court will not readdress Plaintiff's failure to satisfy § 617.3.

■ Defendant argues Rule 1.306 has not been satisfied because Plaintiff has not established the Defendant had the minimum contacts with the state of Iowa necessary to allow the Court to assert personal jurisdiction. As stated in the January 31, 2003, order, personal jurisdiction pursuant to Rule 1.306 is allowed *if* the corporation has the "necessary minimum contact with the state of Iowa". Iowa R. Civ. P. 1.306. Therefore, when a plaintiff asserts the court has jurisdiction over a defendant pursuant to Rule 1.306, plaintiff must demonstrate defendant had the necessary minimum contacts with the state. *Larsen v. Scholl*, 296 N.W.2d 785, 787–88 (Iowa 1980) (finding "jurisdiction under our rule 56.2 is coextensive with the outer limitations of constitutional due process"; therefore, the court examines "whether the assertion of in personam jurisdiction over the nonresident defendant satisfies the requirement of fair play and substantial justice") (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

However, the Court further noted the issue of minimum contacts was premature because Plaintiff had not demonstrated service upon NID PTY. Plaintiff's motions concerning minimum contacts were stayed until it was determined whether Plaintiff demonstrated service of process. Since the Court now finds service has been demonstrated, those motions are properly before the Court. As such, the issue of

---

4. Service was accepted by Ms. Carrington in Australia on June 25, 2002, and the Notice of Removal was filed in Union County, Iowa, on July 25, 2002.

minimum contacts is not fully submitted, and dismissing the case for failure to demonstrate minimum contacts would be premature.

### Original Notice Defects

■ Defendant additionally argues dismissal should be upheld because the Original Notice was defective.[5] Defendant asserts the Original Notice is defective because it states the Defendant must file an answer or motion within sixty days following service upon the Secretary of State; and, since Plaintiff personally served the Defendant instead of effecting service upon the Secretary of State, the deadline is nonexistent. Defendant argues Plaintiff must strictly comply with Iowa Rule of Civil Procedure 50[6] which outlines the requirements of the Original Notice. Since Plaintiff failed to do so, it is argued, the Original Notice is defective and personal jurisdiction has not been attained.

The challenged Original Notice lists Defendant's name and address, Plaintiff's attorney, attorney's address, phone and fax numbers, and reads:

> You are further notified that unless, within sixty (60) days following the service of this notice with the office of the Secretary of State of this State, you serve, and with a reasonable time thereafter file, a motion or answer in the Iowa District Court for Union County, at the courthouse in Creston, Iowa, a

default may be entered and judgment rendered against you by the court.

Notice of Removal, Ex. A (Clerk's No. 1).

In 1975, Iowa amended Rules 49, 50, and 52 to conform more closely to the Federal Rules of Civil Procedure and to "do away with any advantage in searching out flaws in the original notice". *Holmes v. Polk City Sav. Bank*, 278 N.W.2d 32, 34 (Iowa 1979). "It was hoped, with the amendment of our process rules in 1975, that parties served with an original notice of actions then on file would find no advantage in searching out technical defects or omissions in the original notice." *Id.* Consequently, when jurisdiction is challenged based on defects in the original notice, "the question becomes whether any flaw in the notice amounts to a 'substantial defect' or to a 'mere irregularity.'" *Id.*

Even before the 1975 amendment to the Iowa Rules of Civil Procedure, Iowa courts gave a liberal construction to the required contents of the Original Notice. In *Parkhurst v. White*, the Iowa Supreme Court remarked, "[u]nder our earlier decisions a strict, in fact a literal, compliance with the statute on notice was required .... [However,] we have in our more recent decisions adopted a rule of liberal construction to avoid defeating an action because of technical and formal defects, which could not reasonably have misled defendant". *Parkhurst v. White*, 254 Iowa 477, 118 N.W.2d 47, 49–50 (1962).

The 1975 amendment, together with the liberal construction of the Original Notice

---

5. Defendant's motion to dismiss was based on Plaintiff's failure to obtain personal jurisdiction because he did not comply with § 617.3 or Rule 1.306 and, alternatively, because the Original Notice was defective. However, in the January 31, 2003, order, the Court found it was unnecessary to reach this issue because service upon the Defendant had not been demonstrated.

6. The Iowa Rules of Civil Procedure were renumbered and reorganized on November 9, 2001; Rules 49, 50, and 52 were combined in Rule 1.302 to form a more logical sequence of the requirements of the Original Notice. Iowa R. Civ. P. 1.302 cmt. (West Supp.2002). Rule 1.302 outlines, inter alia, what the Original Notice must contain including the amount of time within which the defendant must file a motion or answer. *Id.*

requirements, leaves Iowa courts reticent to dismiss a plaintiff's case due to technical or formal defects in the Original Notice. Therefore, "the question becomes whether any flaw in the notice amounts to a 'substantial defect' or to a 'mere irregularity.'" *Holmes v. Polk City Sav. Bank,* 278 N.W.2d at 34. "A substantial defect renders an original notice fatally defective; any judgment based thereon is void. A mere irregularity, on the other hand, has no such effect on the original notice; a judgment based thereon is not void (but may be voidable)." *Id.*

In *Holmes v. Polk City Savings Bank,* the Iowa Supreme Court found an original notice, although infirm, did "outline the bare requirements for serving and filing an appearance ...." Defendants challenged the original notice, arguing it did not adequately advise them where or when to appear, and because it neglected to inform them that failure to defend against the suit could result in default. *Id.* Despite these deficiencies, the court found the original notice did inform the defendants they must appear and, as such, was enough to invoke jurisdiction. *Id.* at 35.

In *Jontz v. Mahedy,* the Iowa Supreme Court went even further stating, "[u]nder current practice any defendant who is given a notice which actually is sufficient to apprise of those matters described in the rules, and who is not prejudiced by any technical flaws in the form of notice, has nothing to gain and much to lose by challenging it". *Jontz v. Mahedy,* 293 N.W.2d 1, 4 (Iowa 1980). "The question in considering flaws or technical defects in form is whether the defendant has been misled." *Id.*

Applying this standard in *City of Oelwein v. Dvorsky,* the Iowa Court of Appeals found defendant's allegation that the original notice was defective and failed to secure jurisdiction was unpersuasive. *City of Oelwein v. Dvorsky,* 380 N.W.2d 739,

741 (Iowa Ct.App.1985). In *Dvorsky,* the sheriff served the defendant the original notice which set forth the time and place to appear; however, Plaintiff failed to attach a copy of the petition. *Id.* The court found this was not a substantial defect because the defendant was not misled: "The notice notified him that if he did not appear and show cause (defend), default would be taken and judgment would be rendered for the relief demanded. The notice set out specifically the consequences of his failure." *Id.* at 743.

Applying Iowa precedent to the facts of the present case, the Court finds the defects in the Original Notice are technical or formal rather than substantial. The record clearly indicates NID PTY was not deceived by these defects: NID PTY was served on June 25, 2002, retained local counsel, and filed a Notice of Removal on July 25, 2002—exactly thirty days later. Given its timely response, it is difficult to consider NID PTY was confused by the contents of the Original Notice.

## CONCLUSION

For the reasons stated above, the Court's January 31, 2003, order granting Defendant's motion to dismiss (Clerk's No. 18) is **vacated**. Defendant's motion to dismiss based on defective original notice (Clerk's No. 3) is **denied**. In light of these rulings, the Court finds Plaintiff's motion to strike the minimum contacts issue, motion to conduct jurisdictional discovery, and motion to submit a surreply brief are ripe for review.

As reasoned above, Plaintiff has the burden of demonstrating Defendant had the requisite minimum contacts with the state of Iowa to establish personal jurisdiction over the Defendant. Accordingly, Plaintiff's motion to strike the minimum contacts issue (Clerk's No. 9) is **denied**. Plaintiff's motions to conduct jurisdictional

discovery and to submit a surreply brief (Clerk's No. 9) are **granted** as provided in this Order.

The parties are directed to confer for the purpose of reaching agreement on a discovery plan to address the minimum contacts issue. Within two weeks of the date of this Order, the parties shall file a proposed joint discovery plan or a request for court assistance in resolving differences over the discovery procedure. United States Magistrate Judge Celeste Bremer will enter an order defining the scope and timing of the discovery limited to the minimum contacts issue. Upon completion of this discovery, the Defendant may renew its motion to dismiss on the minimum contacts issue. The surreply opportunity previously sought by the Plaintiff will be available in resistance to the renewed motion filed by the Defendant.

**IT IS SO ORDERED.**