# IN THE COURT OF APPEALS OF IOWA

No. 22-0286
Filed February 8, 2023

**CASTLES GATE HOMEOWNERS' ASSOCIATION,**
    Plaintiff-Appellant,

**vs.**

**K & L PROPERTIES, LLC,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.

A petitioner appeals an adverse grant of summary judgment on its petition

for judicial review of eminent domain authority. **AFFIRMED.**

Sabrina Sayler of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Dakota

Dunes, South Dakota, for appellant.

Richard H. Moeller and Daniel M. Strawhun of Moore, Corbett, Heffernan,

Moeller & Meis, L.L.P., Sioux City, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In the "little utilized" arena of private condemnations, *Green v. Wilderness Ridge, L.L.C.*, 777 N.W.2d 699, 700 (Iowa 2010), we are asked to decide whether the district court erred in determining that a petition for judicial review of eminent domain authority filed by the condemnee, Castles Gate Homeowners' Association (Association), was untimely following sufficient notice by the condemnor, K & L Properties, LLC (K & L). Finding no error in the court's summary judgment ruling, we affirm.

## I.     Background Facts and Proceedings

To provide context for the issue raised on appeal, we start with some background on this unique proceeding. "Although eminent domain, the power to seize private property, is typically exercised by governmental bodies, the legislature has conferred a narrow power of eminent domain upon private citizens in Iowa." *Id.* at 702; *accord* Iowa Code § 6A.4(2) (2021).[1] That power exists when those who own or lease land "have no public or private way to the lands, for the purpose of providing a public way which will connect with an existing public road." Iowa Code § 6A.4(2); *accord Owens v. Brownlie*, 610 N.W.2d 860, 865 (Iowa 2000) ("[A]n owner of 'land locked' property is permitted to institute condemnation proceedings to secure a public way over other land to permanently solve the inability to access the property.").

---

[1] Iowa Code chapter 6A provides the grant of, and limits on, the authority to exercise the eminent domain power, "while chapter 6B governs the procedure for the exercise of that authority." 17 David M. Erickson & Christopher Talcott, *Iowa Practice Series: Real Estate Law & Practice* § 14:2 (Nov. 2022 update) [hereinafter Erickson & Talcott].

Whether brought by a governmental body or private citizen, an eminent domain action starts with a "written application filed with the chief judge of the judicial district of the county in which the land sought to be condemned is located." Iowa Code § 6B.3(1). Operating under this statute, K & L filed an application for condemnation and appointment of a compensation commission to assess damages on June 25, 2021. The application alleged K & L's property was landlocked and sought to condemn neighboring property owned by the Association to provide "a public way, for non-agricultural purposes, which will connect [K & L's] real estate to an existing public road." On June 28, the chief judge signed the application, as well as documents appointing compensation commissioners and alternates.

On August 6, K & L served the registered agent for the Association with a copy of the application provided to the chief judge, a notice of assessment, and a plat map. The same documents were served on the wife of the Association's president on August 9. Thirty-one days later, on September 9, the Association filed a "petition for judicial review of eminent domain authority," seeking dismissal of the condemnation application because it sought "condemnation rights that are not authorized by Iowa Code [section] 6A.4(2)." The Association maintained: (1) condemnation was impermissibly sought for economic development rather than "public use" and (2) the property to be condemned was not the "nearest feasible route to an existing public road." *See id.* § 6A.4(2)(b). The Association did not raise any deficiencies in the procedure used by K & L to start the proceedings.

In its answer, K & L asserted the Association's petition was untimely because it "was served with a Notice of Assessment on August 6 and 9, 2021, pursuant to Iowa Code section 6B.8." *See id.* § 6A.24(1) (noting actions "challenging the exercise of eminent domain authority or condemnation proceedings" "shall be commenced within thirty days after service of notice of assessment pursuant to section 6B.8 by the filing of a petition in district court"). In time, K & L moved for summary judgment on that basis.

In its resistance, the Association stated that while its president was served with a "notice" and an application for condemnation on August 9, it was never served with any of the documents bearing the signature of the court—the condemnation application or the documents appointing the commissioners and alternates. The Association also asserted K & L did not certify that the application was approved by the court or record the original approved application until October 19. *See id.* § 6B.3(3).

Following a hearing, the district court ruled that K & L's service of the notice and application on the Association "substantially complied with the relevant eminent domain notice statute," and the Association's petition for judicial review was therefore untimely. The court accordingly granted K & L's motion for summary judgment. The Association appeals.

## II. Standard of Review

Summary judgment rulings are reviewed for correction of errors at law, as are questions of statutory interpretation. *Save Our Stadiums v. Des Moines Indep. Cmty. Sch. Dist.*, 982 N.W.2d 139, 143 (Iowa 2022).

**III. Analysis**

On appeal, the Association claims "the district court erred by determining that the notice was sufficient and that [K & L] substantially complied with the eminent domain statute" because "K & L has failed to comply with multiple requirements set forth in the applicable eminent domain statutes."

Turning to those statutes, section 6B.3A allows a property owner described in a condemnation application to bring an action for judicial review under Iowa Code section 6A.24 "to challenge the exercise of eminent domain authority or the condemnation proceedings." Section 6A.24(1), as mentioned above, requires the judicial review action to be "commenced within thirty days after service of notice of assessment pursuant to section 6B.8 by the filing of a petition in district court." Section 6B.8 in turn provides:

> The applicant . . . may, at any time after the appointment of the commissioners, have the damages to the lands of any such owner assessed by giving the other party . . . thirty days' notice, in writing. The notice shall specify the day and the hour when the compensation commission will meet, view the premises, and assess the damages. The notice shall be personally served upon all necessary parties in the same manner provided by the Iowa rules of civil procedure for the personal service of original notice.

Putting these statutes together, the triggering event for the thirty days to file a petition for judicial review under section 6A.24(1) is personal service of a notice of assessment on the landowner. It is undisputed the Association's petition was filed thirty-one days after it was served with the notice of assessment, which contained all the information required by section 6A.8 and was in the form prescribed by section 6B.9. Yet the Association contends the petition was timely

because K & L did not comply with sections 6B.4(2)(b), 6B.3(3)(a), 6B.2A(1)(f), or 6B.2D(1).

### A.    Section 6B.4(2)(b)

After the appointment of the compensation commission by the chief judge, section 6B.4(2)(b) requires that the list of the commissioners and alternates be mailed and published to, or personally served on, the owner of the property.  This must be accomplished "prior to or contemporaneously with service of the notice of assessment as provided in section 6B.8."  Iowa Code § 6B.4(2)(b).  K & L concedes that it did not serve the Association with the list of commissioners and alternates when it served the Association with the notice of assessment.  Nor did it mail and publish the list.  So the question is whether that failure makes the notice that was served fatally defective, thereby either saving the untimely petition or rendering the condemnation proceedings a nullity, as the Association contends.

The Association is correct that "statutory provisions regulating the exercise of eminent domain must be strictly complied with."  *S.M.B. Invs. v. Iowa-Illinois Gas & Elec. Co.*, 329 N.W.2d 635, 637 (Iowa 1983).  But that "does not necessarily mean literal compliance with the notice statute is required; substantial conformity is sufficient."  *Id.*; *accord Norgard v. Iowa Dep't of Transp.*, 555 N.W.2d 226, 229 (Iowa 1996); *Bourjaily v. Johnson Cnty.*, 167 N.W.2d 630, 633 (Iowa 1969).  Substantial conformity, or compliance, "exists when the action taken, although not literally satisfying the statutory requirement, nevertheless fulfills the minimal objectives of the statute."  *Burnham v. City of W. Des Moines*, 568 N.W.2d 808, 811 (Iowa 1997).

The statute that we are concerned with here is section 6B.8—the notice of assessment that starts the thirty-day clock in section 6A.24(1) for the filing of the petition for judicial review. Nothing in section 6B.8 requires the notice of assessment to be predated or accompanied by a formal provision of the commissioner list. Instead, the statute states the applicant "may, at any time after the appointment of the commissioners," have damages assessed by giving the condemnee "thirty days' notice, in writing." Iowa Code § 6B.8. And section 6A.24(1) refers only to section 6B.8 as the trigger for the limitations period.

We also consider the purpose of section 6A.24(1), *see Burnham*, 568 N.W.2d at 811, which is to provide a statutory avenue for property owners to "bring an action challenging the exercise of eminent domain authority or the condemnation proceeding."[2] Iowa Code § 6A.24(1); *accord id.* § 6B.3A. The notice of assessment, and the accompanying application, provided the Association with all the information it needed to pursue that action. While the names of the commissioners and alternates were not included, the notice did advise the Association that a commission had been appointed "for the purpose of appraising the damages which will be caused by said condemnation" and would meet on October 7, 2021. The time for challenging the appointed commissioners had not yet passed when the Association filed its petition for judicial review on September

---

[2] This statutory right was added by amendments to the condemnation statutes in 2006. *See* 2006 Iowa Acts ch. 1001, §§ 5, 11. Before those amendments, owners "wishing to challenge issues regarding the propriety of condemnation" had to resort to "the traditional procedural vehicles" of injunction, mandamus, and certiorari. *See* Erickson & Talcott, § 14:21 (noting appeals of a compensation commission's damage award under section 6B.18 "are limited to issues of the proper amount of damages and the allocation of interest on deposited funds"); *accord Owens*, 610 N.W.2d at 865–66.

9.  *See id.* § 6B.5(2) ("A challenge to the appointment of a commissioner shall be filed, in writing, with the sheriff not less than seven days prior to the meeting of the compensation commission . . . ."). And the Association does not claim it was misled or otherwise prejudiced by K & L's failure to serve the list of commissioners with the notice of assessment. *See Hicks v. Franklin Cnty. Auditor*, 514 N.W.2d 431, 436 (Iowa 1994) (finding substantial compliance with statutory notice provisions for drainage districts where "no plaintiff has asserted that he or she was not informed of the project or was deprived of the opportunity to object"); *City of Oelwein v. Dvorsky*, 380 N.W.2d 739, 742 (Iowa Ct. App. 1985) (noting that in considering the validity of an original notice, it is appropriate to consider whether a defendant was misled and suffered prejudiced).

For these reasons, we find K & L substantially complied with section 6B.8 as it relates to the timeliness of the Association's petition for judicial review, even though it failed to serve the Association with the list of commissioners and alternates as required by section 6B.4(2)(b). *See, e.g.*, *Norgard*, 555 N.W.2d at 229 (concluding a notice of appraisement missing the date of the appraisement and the date the notice was signed or sent substantially conformed with the requirements of section 6B.18); *S.M.B. Invs.*, 329 N.W.2d at 637–38 (finding a notice of condemnation that did not designate the extent of the owner's interest to be condemned or describe the ingress and egress requested substantially complied with the statute).

**B.      Section 6B.3(3)(a)**

The Association next claims that K & L ignored section 6B.3(3)(a).  That section sets out three steps involved in initiating an eminent domain proceeding, only the third of which the Association challenges.[3]  The third step provides: "The applicant shall promptly certify that its application for condemnation has been approved by the chief judge and shall file the original approved application with the county recorder in the manner required under section 6B.37."   Iowa Code § 6B.3(3)(a).

As with the list of commissioners and alternates, K & L did not comply with this requirement.  But K & L again asserts it is the service of a proper notice of assessment that triggers the commencement of the limitations period in section 6A.24(1), not compliance with other requirements like section 6B.3(3)(a).  We agree.  The purpose of section 6B.3(3)(a) seems to be to alert uninterested third parties that they cannot acquire an interest in the property while the condemnation is pending.  *See id.* § 6B.3(3)(c) ("When indexed, the proceeding is considered pending so as to charge all persons not having an interest in the property with notice of its pendency, and while pending no interest can be acquired by the third parties in the property against the rights of the applicant.").  Noncompliance with this provision did not mislead or prejudice the Association, *see City of Oelwein*,

---

[3] The first step requires the filing of "a written application . . . with the chief judge of the judicial district of the county in which the land sought to be condemned is located."  Iowa Code § 6B.3(1).  The Association agrees K & L complied with this requirement on June 25, and the chief judge approved the application and appointed commissioners and alternates on June 28.
    The second step involves providing a copy of the application by (1) certified mail and publication or (2) service.  *See id.* § 6B.3(2).  The Association agrees it was served with a copy of the application on August 6 and 9.

380 N.W.2d at 742, or impact its right to be informed of the proceeding and object. *See Hicks*, 514 N.W.2d at 436 ("The notice provisions are intended to safeguard the . . . property owners' rights to be informed and object."). We accordingly find K & L's failure to comply with section 6B.3(3)(a) did not affect the adequacy of the notice of assessment given to the Association under section 6B.8.

### C. Sections 6B.2A(1)(f) and 6B.2D(1)

The Association finally claims that K & L failed to comply with sections 6B.2A(1)(f), involving "[n]otice of proposed public improvements," and 6B.2D(1), governing "[n]otice of intent to approve acquisition of property by eminent domain."[4] We can easily dispose of section 6B.2A(1) because, by its express terms, the provision only applies when "agricultural land" is the subject of the proposed condemnation." *See* 1 Marlin M. Volz, Jr., *Iowa Practice Series: Methods of Practice* § 13:10 (Aug. 2022 update) ("If agricultural land is the subject of the condemnation, the acquiring agency must provide written notice of a public hearing to each owner and any contract purchaser of record and publish notice of the public hearing." (citing Iowa Code § 6B.2A(1))); *accord Rex Realty Co. v. City of Cedar Rapids*, 322 F.3d 526, 527 n.2 (8th Cir. 2003). It is undisputed the land involved in this proceeding is non-agricultural.

---

[4] K & L argues the Association did not raise these issues in the district court and therefore did not preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We nevertheless address them because they concern the court's jurisdiction over the condemnation proceeding. *See Bourjaily*, 167 N.W.2d at 635 ("It is a general rule that objections to the jurisdiction of the court over the subject-matter of the action are never waived."); *see also In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003) (observing lack-of-notice arguments go "to the heart of the district court's jurisdiction").

Section 6B.2D(1) is not as simple. The difficulty comes from the shoehorning of the requirements for private condemnations into a statute mostly concerned with condemnations by government entities. Section 6B.2D(1) requires an "acquiring agency"[5] to

> send notice of a proposed resolution, motion, or other document authorizing acquisition of property by eminent domain to each property owner whose property is proposed to be acquired by eminent domain . . . at least fourteen days prior to the date of the meeting at which such proposed authorization will be considered for adoption by the acquiring agency.

But, as K & L argues, it "did not authorize the acquisition of the property by [these means] because it is a private entity—not a public entity—and [it] is not required to do so pursuant to any law or regulation," as most government entities likely would be. So while section 6B.2D(1) would apply to "most condemnations involving non-agricultural property," *see* Erickson & Talcott, § 14:8, we find that it does not apply when these steps are not prerequisites to eminent domain authority and, as a result, are not performed. We therefore reject the Association's challenge on this ground as well.

## IV. Conclusion

Having considered all the missteps identified by the Association, we conclude K & L substantially complied with the notice of assessment required under section 6B.8. Because the Association's petition for judicial review was filed more than thirty days after that notice was served, we agree with the district court the petition was untimely under section 6A.24(1). As a result, the court correctly

---

[5] Section 6B.1(2) defines "acquiring agency" to include "any person . . . conferred the right by statute to condemn private property or to otherwise exercise the power of eminent domain," which would encompass private parties like K & L.

concluded that it had no authority to consider the petition. *See Johnson Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transp.*, 891 N.W.2d 220, 225 (Iowa 2017).

**AFFIRMED.**